GEOFFREY E. WIGGS (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
Telephone: (650) 577-5952
Facsimile: (650) 577-5953
Email: Geoff@wiggslaw.com

(Proposed) Attorney for Debtor in Possession
VIKRAM SRINIVASAN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>VIKRAM SRINIVASAN,<br><br>Debtor in Possession. | Case No.: 20-51735<br><br>Chapter 11<br><br>MOTION BY DEBTOR FOR ORDER EXTENDING THE FULL AUTOMATIC STAY AS TO ALL CREDITORS<br><br>[11 U.S.C. §362(C)(3)]<br><br>Date:<br>Time:<br>Location: Tele/videoconference<br>Judge: Hon. Stephen L. Johnson |

VIKRAM SRINIVASAN, the Debtor in Possession in this case, hereby moves that this Court order, under 11 U.S.C. §362 (c)(3), that the full protections of the automatic stay be extended in this case until they would terminate under 11 U.S.C. §362 (c)(1) or (2), or until further order of the Court. In support of this motion, the Debtor avers:

1. The Debtor filed this Chapter 11 bankruptcy case on December 10, 2020. The Initial Debtor Interview is scheduled for January 15, 2021 and the 341 meeting of creditors is scheduled for January 19, 2021. Debtor anticipates timely filing its Monthly Operating Reports.

1

2. The Debtor has filed one earlier bankruptcy case, Case No. 19-42729, in this court, and that case was dismissed on January 8, 2020, within one year before the filing of this case.

3. The prior case involved the foreclosure of real property located at 1666 Summitridge Drive, Beverly Hills, California and owned by Summitridge Venture Group, LLC, whereby Debtor is the managing member and sole owner. Debtor's interest in said property is the sole purpose of this bankruptcy and the upcoming adversary proceeding to be filed by Debtor against Fay Servicing, LLC, a Delware Company, Civic Holdings III Trust and Civic Real Estate Holdings, III LLC ("lenders").

4. The Adversary Proceeding will include causes of action to return said real property that was improperly foreclosed upon and the turnover of funds taken from debtor due to misrepresentations by said lenders.

5. Debtor's prior case was dismissed failure to comply with the court's order to file required documents.

6. The Debtor has filed the current case in good faith.

7. Due to the complexity of the matter. complete forms and schedules for the instant case were filed on December 24, 2020. Said filing was well within the filing deadline.

8. At the time of the previous filing, Debtor was working with his lenders to negotiate certain work-out agreements. Said negotiations continued passed the prior filing dismissal date. Negotiations ultimately deteriorated due to misrepresentations by lenders.

9. Debtor and the lender are now engaged in state court litigation. See State Court Complaint, Exhibit A.

10. Debtor has filed complete schedules and intends to fully prosecute this case for the benefit of the estate and the estate's creditors.

11. Debtor's financial circumstances have changed such that he now believes he will be able to propose a confirmable chapter 11 plan and fully prosecute the instate case.

12. The Debtor's case was not dismissed because the Debtor failed to provide adequate protection as ordered by the court.

13. The Debtor's case was not dismissed for failure to perform the terms of a confirmed plan.

WHEREFORE, the Debtor requests that this Court enter an Order extending the automatic stay as to all creditors until it would terminate under section 362(c)(1) or (2), or until further order of the court. Alternatively, Debtor requests the court continue the stay as to all creditors until the matter is heard on February 2, 2021, the date creditor Wedgewood, LLC has scheduled its motion for relief from stay.

oo0oo

Dated this December 29, 2020  /s/ *Geoffrey E. Wiggs, Esq.*
**Geoffrey E. Wiggs, Esq.**
(Proposed) Attorney for
Debtor in Possession