

**The following constitutes the order of the Court.**
Signed: January 8, 2021

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re **VIKRAM SRINIVASAN**,

Debtor.

Case No. 20-51735 SLJ
Chapter 11

## ORDER DENYING MOTION TO EXTEND THE AUTOMATIC STAY

Debtor Vikram Srinivasan moves for an extension of the automatic stay in the above-captioned bankruptcy case, which is set to expire on January 9, 2021, 30 days after the filing of this case, because Debtor had a pending bankruptcy case within one year of this case's filing. Objecting parties argue Debtor is presumed to have filed this case not in good faith because Debtor's prior case was dismissed for failure to timely file required documents. In their view, Debtor fails to show a substantial justification for this, and also fails to provide evidence rebutting the presumption that this case was filed in bad faith.

I agree with the objecting parties and deny Debtor's motion. Because Debtor failed to file required documents in that prior case, and does not show a substantial excuse for such failure in this motion, I must presume he filed this case in bad faith. Moreover, nothing in Debtor's motion, or the underlying docket, allows me to find he rebuts the presumption. Indeed, the record in this case, stretching across individual and corporate bankruptcies, as

ORDER DENYING MOTION TO
EXTEND THE AUTOMATIC STAY

well as a State court action, persuade me this is a bad faith filing meant to further a scheme of frustrating creditors' attempts to foreclose on and sell a real property that was sold at a foreclosure sale in 2020.

## I. BACKGROUND

Debtor filed this Chapter 11[1] bankruptcy case on December 10, 2020. But he previously filed a Chapter 11 case on December 2, 2019, which was dismissed for failure to timely file his schedules. Case No. 19-42729, ECF 15.

Debtor states the sole purpose of this bankruptcy case is to assert his interest in real property located at 1666 Summitridge Drive, Beverly Hills, California ("Property"). ECF 23, p. 2. He further states the Property is owned by Summitridge Venture Group, LLC ("Summitridge"); Debtor is the managing member and sole owner.

Summitridge executed a promissory note in favor of Civic Financial Services, LLC, secured by a deed of trust against the Property. ECF 40, p. 2. The beneficiary on that deed of trust was Civic Holdings III Trust ("Civic Trust"). *Id.* at 3. In 2019 Summitridge defaulted on the note, resulting in a scheduled September 13, 2019 foreclosure of the Property. *Id.*

But on September 12, 2019, Summitridge filed a Chapter 7 bankruptcy case, which stayed the foreclosure sale. Case No. 19-51855. On November 12, 2019, the bankruptcy court entered an order dismissing the case, with a 90-day bar on refiling, pursuant to a motion by creditors alleging the case was filed in bad faith. *Id.* ECF 9, 17.

After the case was dismissed, Summitridge and Civic Holdings entered into a forbearance agreement, but Summitridge later defaulted under that agreement as well, for failure to make certain payments required by the agreement. ECF 40, p. 3. Debtor then filed his December 2, 2019 bankruptcy case. But because Summitridge, not Debtor, owned the

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Civil Rule" references are to the Federal Rules of Civil Procedure and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. "Civil L.R." and "B.L.R." references refer to the applicable Civil Local Rules and Bankruptcy Local Rules.

ORDER DENYING MOTION TO
EXTEND THE AUTOMATIC STAY 2/8

Property, Civic Trust held and completed a foreclosure sale of the Property on December 4, 2019. *Id.* at 4. Civic Trust then transferred the Property to Civic Real Estate Holdings LLC ("Civic Real Estate") by quit claim deed on January 3, 2020. *Id.*

Summitridge then filed a State court lawsuit against Civic Trust and Civic Real Estate on February 20, 2020, alleging it was the rightful owner of the Property. The Civic parties filed a demurrer to the complaint on April 17, 2020, which was sustained on October 1, 2020. Specifically, the State court dismissed with prejudice Summitridge's quiet title, declaratory relief, accounting, and unjust enrichment claims, but granted leave to amend as to Summitridge's breach of contract, promissory estoppel, negligent misrepresentation, and wrongful foreclosure claims. The State court's order stated Summitridge could amend its complaint "only as authorized by the court's order." *Id.*

In response, Summitridge filed a first amended complaint on October 27, 2020, which reasserted breach of contract, promissory estoppel, negligent misrepresentation, and wrongful foreclosure claims. The first amended complaint also added Debtor as a plaintiff. The Civic parties filed a demurrer to that complaint on November 17, 2020; a hearing on that demurrer is currently set for September 9, 2021. *Id.* at 4–5.

On May 21, 2020, the Civic parties also filed a motion to expunge a *lis pendens* Summitridge recorded against the Property. The State court held a hearing on that motion on December 11, 2020, and issued an order granting the motion, but staying it in light of Debtor filing this bankruptcy case.

Debtor filed this motion to extend the automatic stay on December 29, 2020. ECF 23. He also filed an application to shorten notice and hearing on the motion the same day, ECF 24, which I denied on December 30, 2020 because the application did not comply with B.L.R. 9006-1, ECF 26. Debtor refiled that application on January 2, 2021, ECF 28, which I granted the same day, ECF 30.

Wedgwood, LLC ("Wedgwood"), administrator of Civic Trust and Civic Real Estate, timely filed an opposition to Debtor's motion on January 7, 2021. ECF 40. Wedgwood

ORDER DENYING MOTION TO
EXTEND THE AUTOMATIC STAY 3/8

argues this case was presumptively filed in bad faith, and Debtor's motion fails to present evidence sufficient to show otherwise.

One point of clarification is worthy of mention. Wedgwood, on behalf of the Civic entities, represents the parties who once owned the promissory note, foreclosed and purchased the Property, and later conveyed it to a third party. They were, at various points in the proceedings, creditors, owners, conveyancers, and defendants in lawsuits Debtor brought. If for no other reason, they have standing to oppose the Motion because their request for relief in state court was held in abeyance based on Debtor's argument that their actions were barred by the automatic stay.

## II. DISCUSSION

Section 362(c)(3)(A) provides that if a debtor files a bankruptcy case under Chapter 11, but another bankruptcy case of that debtor was pending within one year of such filing, the automatic stay terminates "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor" thirty days after the later case was filed. In turn, § 362(c)(3)(B) allows me, upon notice and hearing "completed before the expiration of the 30-day period," to grant a motion to extend the automatic stay, but "only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." A case is presumed to be filed not in good faith if, among other things, the debtor's prior bankruptcy case was dismissed because debtor failed to "file or amend the petition or other documents as required by this title or the court without substantial excuse." § 362(c)(3)(C)(i)(II)(aa). "The burden of establishing the presence of presumptive bad faith rests upon the opponent to the motion." *In re Montoya*, 342 B.R. 312, 316 (Bankr. S.D. Cal. 2006) (citation omitted). I find Wedgwood shows this case was presumptively filed not in good faith, and that Debtor fails to rebut that presumption by clear and convincing evidence.

Debtor states he filed the current case in good faith because: (1) his financial situation has changed to allow for a confirmable Chapter 11 plan; and (2) the prior was not dismissed

ORDER DENYING MOTION TO
EXTENT THE AUTOMATIC STAY 4/8

Case: 20-51735    Doc# 41    Filed: 01/08/21    Entered: 01/08/21 18:08:53    Page 4 of 8

for failure to provide adequate protection or failure to perform under the terms of a confirmed plan. ECF 23, p. 2–3. Debtor also notes that, when the previous case was filed, he was negotiating work-out agreements with certain lenders, and those negotiations eventually deteriorated. But Debtor also admits his prior case was dismissed for failure to file required documents. The docket in the prior case confirms this. Moreover, Debtor does not appear to provide a justification for this failure. At best, I can infer Debtor believes his negotiations with lenders during the prior case was what caused his failure to file, and that this constitutes a substantial excuse. Assuming this is so, Debtor does not explain why these negotiations caused the failure to file required documents. Also, if such failure was the result of Debtor's counsel's negligence – a point Debtor's motion does not address – then the presumption would apply, even if those negotiations provided him a substantial excuse. Because Debtor was dismissed for failure to timely file required documents, and Debtor's motion provides no basis for me to find he was substantially justified in his failure, or that the failure was not the result of Debtor's counsel's negligence, I find Wedgwood shows the presumption that Debtor did not file this case in good faith under § 362(c)(3)(C)(i)(II)(aa) applies.

To rebut the presumption, Debtor must show by clear and convincing evidence that this case was filed in good faith. *In re Castaneda*, 342 B.R. 90, 96 (Bankr. S.D. Cal. 2006). His evidence must give me "a firm belief or conviction that the allegations sought to be established are true; it is 'evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.'" *Id.* Bankruptcy courts apply the totality of the circumstances test to see whether a case was filed in good faith, *id.*, considering the following factors: (1) whether the debtor misrepresented facts in his petition, unfairly manipulated the Code, or otherwise filed his petition in an inequitable manner; (2) the debtor's history of filings and dismissals (3) whether the debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present. *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999) (citations and alterations omitted). "A finding of bad faith does not require fraudulent intent by the debtor." *Id.*

ORDER DENYING MOTION TO
EXTEND THE AUTOMATIC STAY 5/8

First, I find Debtor's petition was filed in an inequitable manner. After the State court dismissed Summitridge's original complaint, Summitridge added Debtor as a plaintiff to the action, despite the State court's order providing that Summitridge could only amend the complaint to the extent allowed in that order, which did not provide for Summitridge adding additional plaintiffs. ECF 40-1, p. 4. The goal in adding Debtor to that action appears to be allowing Debtor to stay the action by filing an individual bankruptcy case. Debtor admits as much in his motion by stating his interest in the Property "is the sole purpose of this bankruptcy case[.]" ECF 23, p. 2. The problem with this statement is Debtor also admits in his schedules that he has no interest in the Property; instead, he owns Summitridge, which in turn alleges it has an interest in the Property. In my view, this shows Debtor's bankruptcy case is intended, not to effect a reorganization, but to frustrate the efforts of others to assert their interests in the Property. Debtor's motion provides no evidence to show otherwise.

Second, Debtor filed a previous Chapter 11 petition slightly over a year from the filing of this case. But since Debtor's current case appears premised on conflating the alleged interest Summitridge has in the Property as his own, I also find relevant the Chapter 7 case Summitridge filed on September 12, 2019. Case No. 19-51855. That case was dismissed on November 12, 2019 with a 90-day bar to filing, pursuant to a § 707(a) motion to dismiss the case for being filed in bad faith. *Id.* ECF 9, 17. The facts underpinning that motion appear to relate to the same Property that Debtor admits is the sole purpose of this bankruptcy case, making Summitridge's dismissal for filing in bad faith even more relevant to this case. This factor also points to Debtor filing this case in bad faith.

Third, I find the only purpose of this case is to defeat State court litigation. The record of the State court action shows that, but for the automatic stay, Debtor's *lis pendens* on the Property would be expunged. Moreover, the causes of action Debtor states he intends to assert in his to-be-filed adversary proceeding – claims alleging wrongful foreclosure and misrepresentation by lenders – appear functionally identical to those asserted in the State court action. And Debtor's statement that the Property, and the adversary proceeding he

ORDER DENYING MOTION TO
EXTEND THE AUTOMATIC STAY 6/8

intends to file to assert his alleged interest in it, is the sole purpose of this bankruptcy, is in my view an admission that this factor points towards this case being filed in bad faith. Debtor's motion provides no evidence to show otherwise.

Finally, I find Debtor's actions to be egregious. After defaulting on the note securing the Property, Debtor and Summitridge appear to have embarked on a years-long scheme to frustrate attempts by creditors to foreclose on the Property. This scheme involved multiple bankruptcy filings, both corporate and individual, as well as a State court action that has yet to proceed beyond the demurrer stage. And while the State court action is only in its early stages, the fact that Summitridge and Debtor have lost every substantive motion brought against them allows me to infer that action is not well-founded. This practice of frustrating lawful foreclosure efforts through dubious legal proceedings, in my view, meets the standard for egregious conduct.

The totality of the circumstances here persuade me that Debtor filed this case in bad faith, and that he is not entitled to an extension of the automatic stay. Accordingly, I will deny Debtor's motion.

### III. CONCLUSION

Because Debtor presumptively filed this case in bad faith, and failed to present evidence to the contrary, his motion to extend the automatic stay is DENIED.

IT IS SO ORDERED.

**END OF ORDER**

ORDER DENYING MOTION TO
EXTEND THE AUTOMATIC STAY                                                                 7/8

**COURT SERVICE LIST**

[ECF recipients only]