**Entered on Docket**
**January 25, 2021**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



The following constitutes the order of the Court.
Signed: January 25, 2021

_Stephen Johnson_

Stephen L. Johnson
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re **VIKRAM SRINIVASAN**, <br><br> Debtor. | Case No. 20-51735 SLJ <br> Chapter 11 |

## ORDER DENYING MOTION FOR RECONSIDERATION

On December 29, 2020, Debtor Vikram Srinivasan filed a motion to extend the automatic stay. ECF 23. I set a briefing schedule on shortened time, ECF 30, and after receiving the opposition of real party in interest Wedgwood, LLC on January 7, 2021, ECF 40, denied Debtor's motion on January 8, 2021, ECF 41. Then, on January 19, 2021, Debtor filed a motion for reconsideration of the order denying his motion to extend the automatic stay. ECF 43. But on January 22, 2021, Debtor also filed a notice of appeal of that same order. ECF 47.[1]

The timely filing of a notice of appeal to either a district court or bankruptcy appellate panel will typically divest a bankruptcy court of jurisdiction "over those aspects of

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Civil Rule" references are to the Federal Rules of Civil Procedure and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure. "Civil L.R." and "B.L.R." references refer to the applicable Civil Local Rules and Bankruptcy Local Rules.

ORDER DENYING MOTION FOR RECONSIDERATION

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

the case involved in the appeal." *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The bankruptcy court retains jurisdiction over all other matters that it must undertake to implement or enforce the judgment or order but it "may not alter or expand upon the judgment." *Padilla*, 222 F.3d at 1190.

By filing a notice of appeal of my order denying his motion to extend the automatic stay, Debtor divested me of jurisdiction over that order. Stated another way, Debtor's motion for reconsideration asks me to alter an order that is now on appeal, which I cannot do while the appeal of that order is pending. As such, I must DENY Debtor's motion for lack of jurisdiction. I will also VACATE the February 16, 2021 hearing at 2:00 p.m. on the motion. No appearances are necessary in this matter at that date and time.

IT IS SO ORDERED.

**END OF ORDER**

ORDER DENYING MOTION FOR RECONSIDERATION
2/3

**COURT SERVICE LIST**

[ECF recipients only]

ORDER DENYING MOTION FOR RECONSIDERATION

3/3