MARTA E. VILLACORTA (NY SBN 4918280)
Assistant United States Trustee
JORGE GAITAN (SBN 288427)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
280 South First St., Suite 268
San Jose, CA 95113
Telephone: (408) 535-5525
Facsimile: (408) 535-5532
Email: Jorge.a.gaitan@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>VIKRAM SRINIVASAN,<br><br>Debtor. | Case No. 20-51735<br><br>Chapter 11<br><br>Date: June 9, 2021<br>Time: 2:00 p.m.<br>Place: ** Hearing to be conducted by Telephone or Video Conference (see p. 2 of Notice of Hearing for instructions)<br><br>Judge: Hon. Stephen L. Johnson |

**UNITED STATES TRUSTEE'S MOTION, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS CASE**

Tracy Hope Davis, the United States Trustee for Region 17 (the "UST"), by and through her undersigned counsel, hereby files this Motion, Pursuant to 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Dismiss or Convert Case (the "Motion") of Vikram Srinivasan ("Debtor").

//

## Table of Contents

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. STATEMENT OF FACTS ........................................................................................ 2

III. MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 6

A. Cause Exists Under 11 U.S.C. § 1112(b)(1) to Dismiss or Convert this Bankruptcy Case. ........................................................................................ 6

B. Cause Exists Under 11 U.S.C. § 1112(b) to dismiss or convert the Bankruptcy Case based on the Debtor's bad faith........................................................................................ 7

C. Cause Exists Under 11 U.S.C. § 1112(b)(4)(B) to dismiss or convert this Bankruptcy Case based on the Debtor's Gross Mismanagement........................................................ 10

D. Cause Exists Under 11 U.S.C. § 1112(b)(4)(F) to Dismiss This Bankruptcy Case Due to the Debtor's Failure to Comply with Rule 2015.3 of the Federal Bankruptcy Rules....... 12

E. Once Cause is Established, the Debtor has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2)........................................ 13

F. Dismissal Appears to be in the Best Interests of Creditors............................................. 14

G. Reservation of Rights and Request to Retain Jurisdiction............................................. 15

IV. CONCLUSION........................................................................................ 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**


In re Andover Covered Bridge, LLC, 553 B.R. 162 (B.A.P. 1st Cir. 2016) .......... 6

In re Berryhill, 127 B.R. 427 (Bankr. N.D. Ind. 1991) .......... 12

Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986) .......... 8, 9, 10

In re Consolidated Pioneer Mortgage Entities, 248 B.R. 368 (B.A.P. 9th Cir. 2000) .......... 7

In re Hanna, 2018 WL 6005697 (B.A.P. 9th Cir. Nov. 13, 2018) .......... 10, 11

Marsch v. Marsch (In re Marsch), 36 F.3d 825 (9th Cir. 1994) .......... 7, 14

In re Nelson, 343 B.R. 671 (B.A.P. 9th Cir. 2006) .......... 14

In re Om Shivai, Inc., 447 B.R. 459 (Bankr. D.S.C. 2011) .......... 14

Piazza v. Nueterra Healthcare Physical Therapy, LLC (In re Piazza), 719 F.3d 1253 (11th Cir. 2013) .......... 7

Ransom v. FIA Card Servs., N.A., 131 S. Ct. 716 (2011) .......... 7

In re Sanders, 2013 WL 1490971 (B.A.P. 9th Cir. 2013) .......... 13

In re Silberkraus, 253 B.R. 890 (Bankr. C.D. Cal. 2000) .......... 8, 9, 10

In re St. Paul Self Storage Ltd. Partnership, 185 B.R. 580 (B.A.P. 9th Cir. 1995) .......... 8, 9, 10

In re Sullivan, 522 B.R. 604 (B.A.P. 9th Cir. 2014) .......... 7

In re Tucker, 411 B.R. 530 (Bankr. S.D. Ga. 2009) .... 12

In re Warren, 2015 WL 3407244 (B.A.P. 9th Cir. May 28, 2015) .... 13

YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC), 505 B.R. 289 (S.D. Cal. 2014) .... 12

**Statutes**

11 U.S.C. §§ 329, 330 .... 15

11 U.S.C. § 362(d)(4) .... 3

11 U.S.C. § 1112(b) .... *passim*

11 U.S.C. § 1112(b)(1) .... 6, 13

11 U.S.C. § 1112(b)(1)-(2) .... 13

11 U.S.C. § 1112(b)(2) .... 13, 14

11 U.S.C. § 1112(b)(4)(B) .... 1, 10, 11

11 U.S.C. § 1112(b)(4)(F) .... 1, 12, 13

Bankruptcy Code chapter 7 .... 6, 14, 15

Bankruptcy Code sections 1107 and 1108 .... 2

**Other Authorities**

Fed. R. Bankr. P. 2015.3(b) .... 5

Federal Rules of Bankruptcy Procedure 2014, 2016 and 2017 .... 15

Rule 2015.3 .... *passim*

## I. PRELIMINARY STATEMENT

1. Cause exists to convert or dismiss this chapter 11 case on several grounds. First, cause exists under 11 U.S.C. § 1112(b) based on a bad faith analysis because the purpose of the Debtor's case appears to be to frustrate the secured creditors rights to foreclose on real property that is not an asset of the Debtor's bankruptcy estate.

2. Second, "cause" exists to convert or dismiss this chapter 11 case under 11 U.S.C. § 1112(b)(4)(B) based on the Debtor's gross mismanagement of the case. In particular, the Debtor has (i) failed to seek Court authority for a post-petition payment of $26,000 for legal fees related to a non-debtor's bankruptcy, in violation of the Federal Bankruptcy Code and Rules; and (ii) filed monthly operating reports that are inaccurate and incomplete, indicating an intent to misrepresent the Debtor's true financial condition.

3. Third, "cause" exists to convert or dismiss this chapter 11 case under 11 U.S.C. § 1112(b)(4)(F) because the Debtor failed to file his Rule 2015.3 report as required by the Federal Rules of Bankruptcy Procedure, and because all of the Debtor's monthly operating reports filed in this case (including two that were amended) are inaccurate and incomplete. The Debtor's recalcitrance amounts to non-compliance with the statutory reporting requirements of a debtor-in-possession mandated by the Bankruptcy Code and Rules.

4. This Motion is supported by the following Memorandum of Points and Authorities, citation to the record in this case, and the Declaration of Kristin A. McAbee, Bankruptcy Analyst for the United States Trustee.

//

//

//

## II. STATEMENT OF FACTS

5. On December 10, 2020 (the "Petition Date"), the Debtor filed his voluntary Chapter 11 bankruptcy petition, without his Schedules and Statement of Financial Affairs. See ECF No. 1. The Court authorized the Debtor to retain Geoff Wiggs and his firm The Law Offices of Geoff Wiggs as general counsel by order entered on February 8, 2021. ECF No. 63.

6. On December 11, 2021, the Court ordered the Debtor to file the balance of schedules by December 24, 2021. ECF No. 5. The Debtor filed the balance of his Schedules, including Schedules A -J, and his SOFA on December 24, 2021. ECF No. 18.

7. On his SOFA, the Debtor disclosed that he had a prior chapter 11 bankruptcy dismissed (19-42729) on December 3, 2019 in the United States Bankruptcy Court for the Northern District of California (Oakland Division) (the "Prior Case"). Id., at p. 24 of 34.[1]

8. The Debtor is currently a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code. See Court Docket, generally. No official committee of unsecured creditors has been appointed in this case due to lack of interest. Id.

9. On January 28, 2021, the Debtor filed a Status Report in which he described his bankruptcy objective as formulation of "a confirmable chapter 11 plan to allow him to assist in paying arrearages owed on the subject property held by [Summitridge Venture Group, LLC] in that Debtor is the guarantor of said obligation." ECF No. 60, at 2:11-16.

10. The initial Section 341(a) meeting of creditors in this case was held on January 19, 2021, and was continued to, and concluded on February 12, 2021. See Court Docket, generally.

//

[1] References to the Schedules and SOFA denote the page numbers of the documents per the Court's docketing stamp.



Case: 20-51735 Doc# 93 Filed: 04/27/21 Entered: 04/27/21 11:38:24 Page 6 of 19

**<u>Wedgewood Motion's for Relief from the Automatic Stay</u>**

11. On December 24, 2020, creditor Wedgewood, LLC, solely as Administrator of Civic Holdings III Trust and Civic Real Estate Holdings III, LLC ("Wedgewood") filed a motion for relief from the automatic stay in the Debtor's bankruptcy (the "RFS Motion") in connection with real property located at 1666 or 1648 Summitridge Drive, Beverly Hills, CA 90210 (the "Property"), which was opposed by the Debtors. ECF Nos. 16 and 70. In connection with its RFS Motion, Wedgewood asserted that the Debtor individually, and through his wholly owned entity, Summitridge Venture Group, LLC ("Summitridge"), collectively filed four bankruptcies to forestall efforts to lawfully foreclose on the Property.

12. On February 23, 2021, the Court issued its order denying the request for *in rem* relief on the grounds that Wedgewood failed to show that it held a security interest in the Property such that 11 U.S.C. § 362(d)(4) relief was available to it. <u>See</u> ECF No. 75. The Court did not reach the bad faith issue. <u>See</u> <u>id</u>.

**<u>Debtor's Motion to Extend the Automatic Stay</u>**

13. On December 29, 2020, the Debtor filed a Motion to Extend the Automatic Stay, due to his prior case (the "Motion to Extend"), which was opposed by Wedgewood. ECF Nos. 23 and 40. The Debtor asserted, *inter alia*, by his Motion to Extend that the prior case was dismissed for failure to comply with the Court's order to file required documents and that the current case was filed in good faith. <u>See</u> <u>id</u>., at p. 2. Ultimately, the Court denied the Debtor's Motion to Extend and found that Debtor and Summitridge had engaged in a scheme to frustrate creditor efforts to foreclose on the Property. <u>See</u> Order Denying Motion to Extend, ECF No. 41, at 7:4-12. The Debtor has appealed the Court's Order Denying Motion to Extend, which is

currently pending before United States District for the Northern District of California. See ECF No. 47.

**Scheduled Assets and Liabilities**

14. According to Schedule A/B, the combined value of the Debtor's assets was $3,348,483.87, which figure includes a claim for $362,823.87 related to State court litigation over the Property; the Debtor's 100% interest in Summitridge which is valued at $2.6 million; and the Debtor's interests in various other limited liability companies which together comprise a value of $338,000; and one personal checking account at Bank of America with $45,000. See Schedule A/B, ECF No. 18, at pp. 5-10 of 34.

15. The Debtor did not list the Property on Schedule A/B. See id.

16. The Debtor listed two creditors on his Schedules: (1) the Secured Claim of Civic Financial in the amount of $3.5 million, which Debtor asserts he has guaranteed; and (2) a debt owed to Mitali Parmar which the Debtor also guaranteed for Summitridge. See Schedules D and E/F, ECF No. 18, at pp. 12-14 of 34. The Debtor's total liabilities are $3.7 million, $200,000 of which is listed as unsecured. Id.

**Unauthorized Transfer of Estate Property**

17. On January 20, 2021, Summitridge filed its second bankruptcy petition, this time in the Central District of California, Case No. 21-10424. See McAbee Declaration, at ¶ 4. According to Summitridge's Statement of Financial Affairs, the Debtor made a payment of $26,000.00 on January 14, 2021, to the Hinds Law Group, APC for the bankruptcy-related legal fees of Summitridge. See Court Docket, Case No. 21-10424, ECF No. 18; see McAbee Declaration, at ¶ 4.

18. The Court's Docket does not reflect the filing of any motions to approve the transfer of Estate funds to Summitridge for its bankruptcy nor has the transfer of $26,000 been reflected in the monthly operating reports for the Debtor. See McAbee Declaration, at ¶ 4.

**Federal Rule of Bankruptcy Procedure 2015.3 Reports and Monthly Operating Reports**

19. To date, the Debtor has failed to file the report required by Fed. R. Bankr. P. 2015.3. See Court Docket, generally; McAbee Declaration, at ¶ 11. This report was due no later than seven days prior to the date first set for the § 341(a) meeting of creditors. See Fed. R. Bankr. P. 2015.3(b). The Debtor has also failed to seek an extension of time from this Court to file the report. See Court Docket, generally.

20. The date first set for the § 341(a) meeting of creditors was January 19, 2021. See Court Docket, generally. Accordingly, the Rule 2015.3 report was due no later than January 12, 2021. To date, the Debtor has failed to file the Rule 2015.3 report. Id.

21. Since the Petition Date, the Debtor has filed three monthly operating reports and two amended operating reports. See McAbee Declaration, at ¶¶ 5-7. The Debtor filed its first operating report on January 29, 2021, for the period ending December 31, 2020 (the "December MOR"). ECF No. 62.

22. On April 1, 2021, the Debtor filed delinquent reports for the month ending January 31, 2021 (the "January MOR"), and for the month ending February 28, 2021 (the "February MOR"). ECF Nos. 83-84; see McAbee Declaration, at ¶ 5. In response, the Office of the United States Trustee contacted the Debtor's counsel to request amendments of the operating reports to include copies of bank statements for all accounts open during the reporting period and check registers. See McAbee Declaration, at ¶ 6. On the same date, the Debtor filed amended operating reports attaching bank statements for the January MOR and February MOR. ECF Nos.

85-86. No amendment was made to the December MOR and no bank statements are included. See McAbee Declaration, at ¶ 7.

23. Review of the December MOR and amended January and February MORs reveal significant misreporting on the monthly operating reports. See McAbee Declaration, at ¶¶ 7-10. In particular, the bank statements reflect that since the Petition Date, the Debtor has maintained $1 in his debtor-in-possession account. Id. However, Schedule I indicates that the Debtor earns monthly net income of $29,567. See Schedules I and J, ECF No. 18, p. 17-20 of 34. These monies do not appear to be deposited into the debtor-in-possession account and the bank statements annexed to the monthly operating reports do not reflect the Debtor is depositing these funds in the debtor in possession accounts. See McAbee Declaration, at ¶¶ 7-10.

24. Additionally, at the inception of the case, the Debtor's Schedule A/B reflected an account at Bank of America with $45,000. See Schedule A/B, ECF No. 18, at pp. 5-10 of 34. However, none of the bank statements filed reflect these funds having been deposited into the debtor-in-possession account. See ECF Nos 85-86; see also McAbee Declaration, at ¶¶ 7-10.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Cause Exists Under 11 U.S.C. § 1112(b)(1) to Dismiss or Convert this Bankruptcy Case.

25. Under Section 1112(b)(1), "on request of a party in interest, and after notice and a hearing, [a] court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

26. The Bankruptcy Code does not define the term "cause," but it does include a list of non-exhaustive factors a court may consider. In re Andover Covered Bridge, LLC, 553 B.R.

162, 172 (B.A.P. 1st Cir. 2016). However, a court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." In re Consolidated Pioneer Mortgage Entities, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) (citing H.R. No. 95-595, 95th Cong., 1st Sess. 405-06 (1977)), aff'd, 264 F.3d 803 (9th Cir. 2001). A bankruptcy court has broad discretion to determine what constitutes "cause" under § 1112(b). Id.

27. As the movant, the United States Trustee bears the burden of establishing by preponderance of the evidence that cause exists. In re Sullivan, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). If a bankruptcy court determines that there is cause to dismiss or convert, it must also: (1) decide whether dismissal or conversion is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. In re Sullivan, 522 B.R. at 612.

**B. Cause Exists Under 11 U.S.C. § 1112(b) to dismiss or convert the Bankruptcy Case based on the Debtor's bad faith.**

28. As the word "cause" is not specifically defined in the Bankruptcy Code, it should be given its ordinary meaning. See Ransom v. FIA Card Servs., N.A., 131 S. Ct. 716, 724 (2011) (providing that "[b]ecause the Code does not define 'applicable,' we look to the ordinary meaning of the term."). The ordinary meaning of cause is "adequate or sufficient reason." Piazza v. Nueterra Healthcare Physical Therapy, LLC (In re Piazza), 719 F.3d 1253, 1261-62 (11th Cir. 2013). And in the Ninth Circuit it is well established that "cause" to dismiss a chapter 11 case exists when a debtor "seek[s] to achieve objectives outside the legitimate scope of the bankruptcy laws." Marsch v. Marsch (In re Marsch), 36 F.3d 825, 828 (9th Cir. 1994).

29. Among the non-listed "cause" which courts have relied on to dismiss a chapter 11 case is bad faith. Id. (stating that "[a]lthough section 1112(b) does not explicitly require that

cases be filed in 'good faith,' courts have overwhelmingly held that a lack of good faith in filing a Chapter 11 petition establishes cause for dismissal."). A petition is filed in bad faith if the purpose of the filing was not to reorganize but rather "merely a 'litigating tactic.'" Id.

30. Here, there are numerous indications that the petition was filed as a litigation tactic and not as an attempt to reorganize. See Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440, 1445 (9th Cir. 1986) (upholding finding that chapter 13 plan was filed in bad faith where "the real purpose of the plan was to defeat the state court litigation"); In re St. Paul Self Storage Ltd. Partnership, 185 B.R. 580 (B.A.P. 9th Cir. 1995) (upholding finding of bad faith where "the bankruptcy court found that Debtor's bankruptcy case was an improper attempt to gain a more convenient forum for its litigation against Appellee."); In re Silberkraus, 253 B.R. 890, 905 (Bankr. C.D. Cal. 2000) (finding bad faith for debtor to file bankruptcy to seek to gain a tactical litigation advantage in pending antitrust litigation).

31. First, the Debtor's own statements revealed that the purpose of the case was litigation, not reorganization. Id. For example, in his Motion to Extend, the Debtor describes the events leading from the prior case to the current case as follows:

> "The prior case involved the foreclosure of real property located at 1666 Summitridge Drive, Beverly Hills, California and owned by Summitridge Venture Group, LLC, whereby Debtor is the managing member and sole owner. Debtor's interest in said property is the sole purpose of this bankruptcy and the upcoming adversary proceeding to be filed by Debtor against Fay Servicing, LLC, a Delware Company, Civic Holdings III Trust and Civic Real Estate Holdings, III LLC[].
> The Adversary Proceeding will include causes of action to return said real property that was improperly foreclosed upon and the turnover of funds taken from debtor due to misrepresentations by said lenders."

Motion to Extend, ECF No. 23, at ¶¶ 3-4.

This statement indicates that the Debtor was not interested in paying his creditors, but rather sought to invalidate the claims through litigation. See In re Chinichian, 784 F.2d at 1445; In re St. Paul Self Storage Ltd. Partnership, 185 B.R. 580; In re Silberkraus, 253 B.R. at 905.

32. Second, the Debtor's actions in this case and in his prior cases confirmed his intent was to litigate, not reorganize. Id. As the bankruptcy court found in its Order Denying the Motion to Extend, "After defaulting on the note securing the Property, Debtor and Summitridge appear to have embarked on a years-long scheme to frustrate attempts by creditors to foreclose on the Property. This scheme involved multiple bankruptcy filings, both corporate and individual." See Order Denying Motion to Extend, ECF No. 41, at 7:4-12. Based on the record, this case appears to have been filed in bad faith, and in an attempt to frustrate the foreclosure efforts by Wedgewood. See In re Chinichian, 784 F.2d at 1445; In re St. Paul Self Storage Ltd. Partnership, 185 B.R. 580; In re Silberkraus, 253 B.R. at 905.

33. Third, the Debtor's Schedules indicate debts owed to Civic Financial for the Property (which is the subject of Debtor's litigation efforts); and a second debt owed to Mitali Parmar in the amount of $200,000, which debt is also related to a personal guaranty of the Debtor on the Property that was foreclosed. See Schedules D, and E/F, ECF No. 18, at 12-14 of 34. On January 25, 2021, the Debtor amended Schedule E/F to include fees owed to the UST from a prior bankruptcy filing in the amount of $650. See Amended Schedule E/F, ECF No. 51. The Debtor's Schedules support a finding that the Debtor's primary purpose in filing bankruptcy was to litigate his state law claims in the bankruptcy forum. See In re Chinichian, 784 F.2d at 1445; In re St. Paul Self Storage Ltd. Partnership, 185 B.R. 580; In re Silberkraus, 253 B.R. at 905. It appears that the Debtor is solvent and/or has sufficient income to pay the debts owed to Mr. Parmar and to the UST. Schedule J shows that the Debtor has $26,573 in disposable income earned each month. See Schedule J, ECF No. 18, at 19-20 of 34.



Case: 20-51735 Doc# 93 Filed: 04/27/21 Entered: 04/27/21 11:38:24 Page 13 of 19

34. Based on the foregoing "cause" exists to convert or dismiss the Debtor's case based on its bad faith in filing this case. See In re Chinichian, 784 F.2d at 1445; In re St. Paul Self Storage Ltd. Partnership, 185 B.R. 580; In re Silberkraus, 253 B.R. at 905.

**C. Cause Exists Under 11 U.S.C. § 1112(b)(4)(B) to dismiss or convert this Bankruptcy Case based on the Debtor's Gross Mismanagement.**

35. Section 1112(b)(4)(B) provides that a debtor's "gross mismanagement of the estate" is "cause" to convert or dismiss a chapter 11 case. 11 U.S.C. § 1112(b)(4)(B). "The § 1112(b)(4)(B) inquiry typically focuses on how the debtor or the debtor's agents have managed the estate's assets or business during the pendency of the chapter 11 proceeding and how they have reported and handled, post-petition, income and expenses derived from the assets/business." In re Hanna, 2018 WL 6005697, at *9 (B.A.P. 9th Cir. Nov. 13, 2018) (citing Grego v. U.S. Tr. (In re Grego), 2015 WL 3451559, at *5 (9th Cir. BAP May 29, 2015) (internal citations omitted)).

36. "Bankruptcy courts have found gross mismanagement in cases where debtors have not maintained an effective corporate management team, failed to follow through on their fiduciary duties under chapter 11, including obtaining credit or financing outside the ordinary course of the debtor's business, filed monthly reports without closely monitoring them [,] or where the business lacks effective management." Id.

37. Here, the Debtor's monthly operating reports are inaccurate. See McAbee Declaration, at ¶¶ 7-10. First, the bank statements attached to the monthly operating reports reflect that the Debtor is not transacting his day-to-day business through the debtor-in-possession account. Id. For example, the bank account statements attached to the operating reports show a balance in the Debtor-in-Possession account of $1 and no transactions at all showing outgoing payments of expenses since the Debtor first began filing operating reports in January 2021. Id.

The Debtor also has not provided statements for any other account. Id. Thus, although the Debtor filed Schedules indicating income of $29,567 per month and expenses of $2,994 per month, the three operating reports (and amended operating reports) filed in the case do not bear out any of the deposits or disbursements that one would expect to see if the Debtor were accurately reporting his financial condition. See Schedules I and J, ECF No. 18, p. 17-20 of 34; see also McAbee Declaration, at ¶¶ 7-10. The Debtor's failure to file accurate operating reports undermines the ability of the UST, creditors, and the Court to effectively monitor the Debtor's financial management and is grounds for conversion or dismissal. See In re Hanna, 2018 WL 6005697, at *9.

38. Finally, the Debtor's failures to file accurate operating reports and failure to file a Rule 2015.3 report, are compounded by the evidence that the Debtor made a post-petition payment, out-of-the-ordinary-course, in connection with the Summitridge bankruptcy in the amount of $26,000. See McAbee Declaration, at Exh. "1". The Debtor's transfer of estate funds without Court authority itself constitutes gross mismanagement. See In re Hanna, 2018 WL 6005697, at *9. Here, the $26,000 payment without Court authority underscores that this Debtor's financial transactions require scrutiny but as detailed, *supra*, in failing to provide accurate monthly operating reports and bank statements, the Debtor has not provided the UST or creditors the means with which to effectively monitor the case. See McAbee Declaration, at ¶¶ 7-10; see In re Hanna, 2018 WL 6005697, at *9.

39. Based on the foregoing "cause" exists to convert or dismiss the Debtor's case based on gross mismanagement of the estate. 11 U.S.C. § 1112(b)(4)(B); see In re Hanna, 2018 WL 6005697, at *9.

**D. Cause Exists Under 11 U.S.C. § 1112(b)(4)(F) to Dismiss This Bankruptcy Case Due to the Debtor's Failure to Comply with Rule 2015.3 of the Federal Bankruptcy Rules.**

40. Section 1112(b)(4)(F) states that "cause" includes a debtor's unexcused failure to satisfy timely any filing or reporting requirement established by the Bankruptcy Code or by any rule applicable to a case under chapter 11. MORs are required by the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and applicable United States Trustee Guidelines. As other Courts have held, MORs and the financial disclosures contained in them "are the life blood of the Chapter 11 process" and are more than "mere busy work." YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC), 505 B.R. 289, 303 (S.D. Cal. 2014) (citation omitted); see also In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (citation omitted).

41. Here, pursuant to Rule 2015.3, the Debtor is required to file periodic reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11 … no later than seven days before the first date set for the meeting of creditors. FRBP 2015.3(a)-(b). To-date, the Debtor has not filed a Rule 2015.3 report in this case. See McAbee Declaration, at ¶ 11. Additionally, although the UST requested that the Debtor amend the monthly operating reports, the amended MORs are replete with misrepresentations regarding the Debtor's current financial condition. See McAbee Declaration, at ¶¶ 7-10. The gross misrepresentations contained in the Debtor's monthly operating reports constitute "cause" for conversion or dismissal. 11 U.S.C. § 1112(b)(4)(F); see In re Tucker, 411 B.R. 530, 532 (Bankr. S.D. Ga. 2009) ("Filing a piece of paper is meaningless if the content is inaccurate, misleading, or wrong, thus the content of these documents is always relevant").

42. Further, even if the Debtor were now to amend the MORs (again), the Debtor's delay in filing would itself constitute cause to dismiss this case under Section 1112(b). Cause, as

defined in Section 1112(b), includes the "unexcused failure to satisfy timely any filing or reporting requirement." 11 U.S.C. § 1112(b)(4)(F) (emphasis added). Accordingly, the Debtor's failure to file his Rule 2015.3 report and the deficient and separate filing of incomplete MORs, constitute sufficient cause to convert or dismiss this case.

**E. Once Cause is Established, the Debtor has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).**

43. Once "cause" is established under § 1112(b), the burden shifts to a debtor to demonstrate that § 1112(b)(2) precludes dismissal or conversion except in cases involving a substantial or continuing loss to the estate and the absence of a reasonable likelihood of rehabilitation. See 11 U.S.C. § 1112(b)(1)-(2); see also In re Sanders, 2013 WL 1490971 at *7 (B.A.P. 9th Cir. 2013). In all other instances where "cause" is established, a debtor's only exception to conversion or dismissal would be if a bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). For the exception to apply: (a) a debtor must prove, and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (b) a debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. See In re Warren, 2015 WL 3407244 at *6 (B.A.P. 9th Cir. May 28, 2015).

44. In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B). Section 1112(b)(2) provides:

> . . . and the debtor or any other party in interest establishes that–
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections

> 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; ***and***
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
>
> > (i) for which there exists a reasonable justification for the act or omission; ***and***
> > (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

45. Importantly, a debtor must establish each of the statutory elements set forth under Section 1112(b)(2) because the statute is written in the conjunctive. In re Om Shivai, Inc., 447 B.R. 459, 465 (Bankr. D.S.C. 2011); Landmark Atlantic Hess Farm, LLC, 448 B.R. 707, 717 (Bankr. D. Md. 2011).

**F. Dismissal Appears to be in the Best Interests of Creditors.**

46. Once it has been determined that there is "cause" to dismiss or convert a case to one under Chapter 7 pursuant to Bankruptcy Code Section 1112(b), a "choice must be made between conversion and dismissal based on the 'best interests of creditors and the estate.'" See, e.g., In re Nelson, 343 B.R. 671, 674 (B.A.P. 9th Cir. 2006) (internal citations omitted).

47. Immediate dismissal is the only appropriate remedy once the Court has found that the petition was filed without a legitimate purpose. See In re Marsch, 36 F.3d 825. Here, the Debtor's two creditors, Civic Financial (Wedgewood) and Mitali Parmar, are both creditors of debts incurred by the Debtor and Summitridge with respect to the Property. Additionally, based on the Schedules, the Debtor has sufficient funds to pay his only remaining creditor – the UST. If the Court determines that the Debtor filed this case in bad faith, *i.e.*, for the sole purpose to frustrate the efforts of these creditors to foreclose on the Property, the Court should dismiss the case. Id.

48. In the alternative, if the Court determines that relief is in the best interests of Debtor's creditors and the estate, the United States Trustee does not object to the conversion of this case to chapter 7 of the Bankruptcy Code.

**G. Reservation of Rights and Request to Retain Jurisdiction.**

49. Finally, the UST requests that if the case is dismissed that the Court retain jurisdiction over issues arising under 11 U.S.C. §§ 329, 330 and Federal Rules of Bankruptcy Procedure 2014, 2016 and 2017, related to payments made to professionals in this case.

## IV. CONCLUSION

Based on the foregoing, the UST requests that the Court enter an order (a) granting the Motion; (b) dismissing or converting this case; and (c) granting such other relief as is justified under the circumstances.

Dated: April 27, 2021

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:/s/ Jorge A. Gaitan_____________
JORGE A. GAITAN
Trial Attorney