MARTA E. VILLACORTA (NY SBN 4918280)
Assistant United States Trustee
JORGE GAITAN (SBN 288427)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
280 South First St., Suite 268
San Jose, CA 95113
Telephone: (408) 535-5525
Facsimile: (408) 535-5532
Email: Jorge.a.gaitan@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>VIKRAM SRINIVASAN,<br><br>               Debtor. | Case No. 20-51735<br><br>Chapter 11<br><br>Date: June 9, 2021<br>Time: 2:00 p.m.<br>Place: ** Hearing to be conducted by Telephone or Video Conference (see p. 2 of Notice of Hearing for instructions)<br><br>Judge: Stephen L. Johnson |

**DECLARATION OF KRISTIN A. MCABEE IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS CASE**

I, Kristin A. McAbee, declare as follows:

    1.    I am employed as a Bankruptcy Auditor/Analyst in the Fresno Office of the United States Trustee, Region 17 (the "UST"). I am the Bankruptcy Auditor/Analyst assigned to the bankruptcy proceeding of Vikram Srinivasan (the "Debtor"), Chapter 11 Case No. 20-51735. I am over the age of 18 and I have personal knowledge of the facts set forth herein, and based on that personal knowledge, I assert that all such facts are true and correct to the best of my knowledge. To the extent I base my testimony upon information and belief or upon admissible evidence other than my personal knowledge, I will specifically so state.

    2.    In the course and scope of my regular duties, I reviewed the case docket for this

- 1 -

case, as well as the Debtor's Voluntary Petition, Schedules, and Statement of Financial Affairs. I have also reviewed the monthly operating reports filed by the Debtor.

3. The Debtor filed his Schedules and Statement of Financial Affairs on December 24, 2020.

4. I have reviewed the Case Docket for Case No. 21-10424 in the Bankruptcy Court for the Central District of California, filed by Summitridge Venture Group, LLC. The case was filed on January 20, 2021. On January 29, 2021, Summitridge filed its Schedules and Statement of Financial Affairs. The Statement of Financial Affairs for Summitridge shows a payment to the Hinds Law Group, APC for bankruptcy-related legal fees of $26,000 made on January 14, 2021. The Case Docket for the Debtor's case does not show any motion or order approving the transfer of $26,000 by the Debtor. Nor is this transfer reflected in the operating reports I have reviewed. A true and correct copy of the SOFA filed in Case No. 21-10424 is attached as Exhibit "1" to my declaration.

5. The case docket reflects that the Debtor has filed three monthly operating reports untimely as follows:

    a. The December 2020, operating report was due on January 21, 2021, and was not filed until January 29, 2021;

    b. The January 2021, operating report was due on February 21, 2021, and was not filed until April 1, 2021; and

    c. The February 2021, operating report was due on March 21, 2021, and was not filed until April 1, 2021.

6. On April 2, 2021, I contacted Debtor's counsel to inform the Debtor that all of the monthly operating reports filed to-date failed to include copies of bank statements for all accounts open during the reporting period and check registers. Additionally, I requested that the Debtor amend the MORs to include the required attachments to the MORs.

7. On April 2, 2021, the Debtor filed amended operating reports for January 2021 and February 2021 only, including bank statements but no check registers. The Debtor did not amend the December 2020 operating report.

8. Based on my review of the December 2020 operating report filed by the Debtor, I

- 2 -

have noted the following deficiencies:

- The Debtor did not amend the operating report to include bank statements and check registers for the Bank of America #6561 pre-petition account.
- On the Summary of Financial Status (pg 1 of MOR):
    - The Month End date says 12/1/20, but should be 12/31/20;
    - Line 3a, Current Month Total Receipts of $2,200 does not agree with the $0 Cash Receipts on the Statement of Cash Receipts and Disbursements;
    - Line 3b, Current Month Total Disbursements of $2,200 does not agree with the $2,150 of disbursements on Statement of Cash Receipts and Disbursements; and
    - Line 3e, Current Month Ending Cash Balance of $43,800 does not agree with the cash balance of $22,000 on the balance sheet, the $1.00 balance on Schedule B-Recapitulation of Funds Held at End of Month or the negative $2,150 on Statement of Cash Receipts and Disbursements.
- On Schedule B-Recapitulation of Funds Held at End of Month (pg 3 of MOR)
    - The pre-petition bank account was not reported with its balance at 12/31/20.
    - The DIP account at Bank of the West was reported with a $1.00 balance, but it was not opened until 1/7/21.
- On the Statement of Cash Receipts and Disbursements (pg 4 of MOR):
    - Debtor's Schedule I discloses net payroll of $29,567/month, yet no income is reported.

9. Based on my review of the amended January 2021 operating report filed by the Debtor, I have noted the following deficiencies:

- On the Summary of Financial Status (pg 1 of MOR):
    - The Month End says 1/1/21, but should be 1/31/21;
    - Line 3a, Current Month Total Receipts of $2,200 does not agree with the $0 Cash Receipts on the Statement of Cash Receipts and Disbursements or the $1.00 in deposits on the DIP bank statement;
    - Line 3b, Current Month Total Disbursements of $2,200 does not agree with the $2,150 of disbursements on Statement of Cash Receipts and Disbursements or the

$3.00 of disbursements on the DIP bank statement;
- o Line 3e, Current Month Ending Cash Balance of $43,800 is the same as the December 2020 MOR. The balance does not agree with the cash balance of $22,000 on the balance sheet, the $1.00 balance on Schedule B- Recapitulation of Funds Held at End of Month, the negative $2,150 on Statement of Cash Receipts and Disbursements or the $1 balance on the DIP account bank statement; and
- o Line 3a-c, prior month and cumulative to date columns are not accurate
- On the Statement of Cash Receipts and Disbursements (pg 2 of MOR):
  - o Debtor's Schedule I discloses net payroll of $29,567/month, yet no income is reported;
  - o The $1.00 deposit on the DIP account is not included in Cash Receipts; and
  - o Cumulative Case to Date is not completed.
- On Schedule B-Recapitulation of Funds Held at End of Month (pg 4 of MOR)
  - o Balance issues as noted above;
  - o The pre-petition bank account was not reported with 1/31/21 balance or closing balance; and
  - o Pre-petition bank statement was not included, along with check registers for all accounts open during reporting period.

10. Based on my review of the amended February 2021 operating report filed by the Debtor, I have noted the following deficiencies:
- On the Summary of Financial Status (pg 1 of MOR):
  - o Line 3a, Current Month Total Receipts of $2,200 does not agree with the $0 Cash Receipts on the Statement of Cash Receipts and Disbursements;
  - o Line 3b, Current Month Total Disbursements of $2,200 does not agree with the $2,150 of disbursements on Statement of Cash Receipts and Disbursements or the $3.00 of disbursements on the DIP bank statement;
  - o Line 3e, Current Month Ending Cash Balance of $43,800 is the same as the December 2020 and January 2021 MORs. The balance does not agree with the cash

balance of $22,000 on the balance sheet, the $1.00 balance on Schedule B-Recapitulation of Funds Held at End of Month, the negative $2,150 on Statement of Cash Receipts and Disbursements or the $1 balance on the DIP account bank statement; and

- o Line 3a-c, prior month and cumulative to date columns are not accurate.

- On Schedule B-Recapitulation of Funds Held at End of Month (pg 3 of MOR):
  - o The pre-petition bank account was not reported with 2/28/21 balance or closing statement.
- On the Statement of Cash Receipts and Disbursements (pg 4 of MOR):
  - o Debtor's Schedule I discloses net payroll of $29,567/month, yet no income is reported;
  - o Cumulative Case to Date column is not completed; and
  - o Pre-petition bank statement was not included, along with check registers for all accounts open during reporting period.
- The DIP bank statement for 1/11/21 – 2/10/21 was not included.

//
//
//
//
//
//
//
//
//
//
//
//

11. In addition, the Debtor has not filed the Official Form 426: Periodic Report Regarding Value, Operations and Profitability of Entities in Which the Debtor's Estate Holds a Substantial or Controlling Interest (Rule 2015.3). The Form 426 was due seven days in advance of the §341 Meeting of Creditors, which was held on January 19, 2021. According to the Debtor's Schedule A/B, Debtor has a substantial and controlling interest in seven other entities: Summitridge Venture Group, LLC (100%), Maxim Holdings, LLC (50%), Zephyr Capital,LLC (20%), Paragon Holdings, LLC (50%), Zephyr Technologies, LLC (50%), Zephyr Financial, LLC (20%) and Vasan Holdings (33.33%).

I declare under penalty of perjury that the foregoing is true and correct and is of my own personal knowledge and if called to do so, I would testify to same.

Executed in Fresno, California, on April 27, 2021.

                                              ___/s/ Kristin A. McAbee_____
                                              KRISTIN A. MCABEE

**EXHIBIT "1" TO DECLARATION OF KRISTIN MCABEE**

Fill in this information to identify the case:

Debtor name: **SUMMITRIDGE VENTURE GROUP, LLC**

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known): 2:21-bk-10424-VZ

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**

   ■ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
   |---|---|---|

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
   |---|---|

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
   |---|---|---|---|
   | 3.1. CLE Capital Partners<br>351 Hitchcock Way, Suite 230-B<br>Santa Barbara, CA 93105 | 11/10/2020 - $10,000.00<br>11/19/2020 - $15,000.00<br>11/23/2020 - $11,565.66 | $36,565.66 | ☐ Secured debt<br>■ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

Debtor  **SUMMITRIDGE VENTURE GROUP, LLC**          Case number *(if known)* **2:21-bk-10424-VZ**

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

**5. Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

**6. Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:  Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **SUMMITRIDGE VENTURE GROUP, LLC, v. FAY SERVICING, LLC, CIVIC HOLDINGS III TRUST; CIVIC REAL ESTATE HOLDINGS III, LLC, 20SMCV00278** | (1) BREACH OF CONTRACT; (2) PROMISSORY ESTOPPEL; (3) NEGLIGENT MISREPRESENTATION; (4) WRONGFUL FORECLOSURE; (5) QUIET TITLE; (6) DECLARATORY RELIEF; (7) ACCOUNTING; and (8) UNJUST ENRICHMENT. | Los Angeles Superior Court Santa Monica,, CA | ■ Pending ☐ On appeal ☐ Concluded |
| 7.2. | **Summitridge Venture Group, LLC v. Mitali Palmer RG19035010** | Civil | Superior Court of Califronia René C. Davidson Alameda County Courthouse 1225 Fallon Street Oakland, CA 94612 | ■ Pending ☐ On appeal ☐ Concluded |

Debtor  **SUMMITRIDGE VENTURE GROUP, LLC**  Case number *(if known)* **2:21-bk-10424-VZ**

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.3. Summitridge Venture Group, LLC vs. LG Summitridge, LLC<br>20SMCV00817 | Contract | Superior Court of California<br>Santa Monica Courthouse<br>1725 Main Street<br>Santa Monica, CA 90401 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.4. Melinda Sue Stinson vs. Summitridge Venture Group, LLC<br>PSC19-0469 | Small Claims | Superior Court Contra Costa County<br>1000 Center Drive<br>Pittsburg, CA 94565 | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

## Part 4: Certain Gifts and Charitable Contributions

9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5: Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

## Part 6: Certain Payments or Transfers

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

Debtor  **SUMMITRIDGE VENTURE GROUP, LLC**  Case number *(if known)* **2:21-bk-10424-VZ**

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | The Hinds Law Group, APC
21257 Hawthorne Blvd
Second Floor
Torrance, CA 90503 | | Janury 14, 2021 | $26,000.00 |

Email or website address
jhinds@hindslawgroup.com

Who made the payment, if not debtor?
Vikram Srinivasan

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:**  **Previous Locations**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | | Dates of occupancy From-To |
|---|---|---|

**Part 8:**  **Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:**  **Personally Identifiable Information**

Debtor  **SUMMITRIDGE VENTURE GROUP, LLC**                          Case number *(if known)*  **2:21-bk-10424-VZ**

16. Does the debtor collect and retain personally identifiable information of customers?

    ■ No.
    ☐ Yes. State the nature of the information collected and retained.

17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?

    ■ No. Go to Part 10.
    ☐ Yes. Does the debtor serve as plan administrator?

### Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ■ None

    | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
    |---|---|---|---|---|

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ■ None

    | Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
    |---|---|---|---|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

    ■ None

    | Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
    |---|---|---|---|

### Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

    ■ None

### Part 12:   Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

Debtor   **SUMMITRIDGE VENTURE GROUP, LLC**　　　　　　　　　　Case number *(if known)*  **2:21-bk-10424-VZ**

Report all notices, releases, and proceedings known, regardless of when they occurred.

22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

    ■ No.
    ☐ Yes. Provide details below.

    | Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
    |---|---|---|---|

23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?

    ■ No.
    ☐ Yes. Provide details below.

    | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
    |---|---|---|---|

24. Has the debtor notified any governmental unit of any release of hazardous material?

    ■ No.
    ☐ Yes. Provide details below.

    | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
    |---|---|---|---|

**Part 13:  Details About the Debtor's Business or Connections to Any Business**

25. Other businesses in which the debtor has or has had an interest
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

    ■ None

    | Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
    |---|---|---|

26. Books, records, and financial statements

    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

    ■ None

    | Name and address | Date of service<br>From-To |
    |---|---|

    26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

    ■ None

    26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

    ■ None

    | Name and address | If any books of account and records are unavailable, explain why |
    |---|---|

    26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

    ■ None

Debtor  **SUMMITRIDGE VENTURE GROUP, LLC**  Case number *(if known)* **2:21-bk-10424-VZ**

Name and address

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

- ■ No
- ☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

- ■ No
- ☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

- ■ No
- ☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31.** Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

- ■ No
- ☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32.** Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

- ■ No
- ☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

Debtor  **SUMMITRIDGE VENTURE GROUP, LLC**              Case number *(if known)* **2:21-bk-10424-VZ**

### Part 14: Signature and Declaration

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    1/29/2021

*/s/ Vikram Srinivasan*
Signature of individual signing on behalf of the debtor        **Vikram Srinivasan**
                                                              Printed name

Position or relationship to debtor    **Managing Member**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
■ No
☐ Yes