LAW OFFICES OF SHALOM RUBANOWITZ, INC.
SHALOM RUBANOWITZ, Bar #: 176544
124 North La Brea Avenue
Los Angeles, CA 90036
Tel: 323-931-4007  Fax: 323-931-7514
Attorneys for Movant

IN THE UNITED STATES BANKRUPTCY COURT
NORTHEN DISTRICT OF CALIFORNIA-SAN JOSE

| | |
|---|---|
| Vikram Srinivasan<br><br>　　　　　　　　　Debtor<br>_____<br>CLE CAPITAL PARTNERS, LLC,<br><br>　　　　　　　　　Movant<br>Vs.<br>Vikram Srinivasan, Debtor, United States Trustee,<br><br>　　　　　　　　　Respondents. | CHAPTER   11<br><br>CASE NO.  **20-51735**<br><br>**R.S. NO.: SHR-001**<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>**DATE: June 8, 2021**<br>**TIME:  10:00 a.m.**<br>**CTRM:  9  (San Jose)** |

　　　　Moving Party, CLE CAPITAL PARTNERS, LLC, (hereinafter "Secured Creditor"), states as follows:

　　　　1. Jurisdiction of the court is founded upon 28 U.S.C. § 151 and 11 U.S.C. § 362.

　　　　2.  On or about December 10, 2020, Debtor(s) and Respondent(s) VIKRAM SRINIVASAN,  (hereinafter Debtor(s)") voluntarily commenced a case under Chapter 11 of the Bankruptcy Code.  The filing of the Petition commencing said case purports to stay certain acts and proceedings against Debtor(s) or the property of Debtor(s).

　　　　3. THE U.S. TRUSTEE is included as a Respondent herein pursuant to Bankruptcy Rule

9013.

4. Upon information and belief, Secured Creditor alleges that Debtor(s) claim an interest in certain real property commonly known as 1651 Green Valley Road, Danville, CA 94526 (hereinafter referred to as the "Property") .

5. Secured Creditor is the holder of a Promissory Note (hereinafter the "Note") and is the current beneficiary of a Deed of Trust describing the Property securing said Note (hereinafter the "Deed of Trust"). True and correct copies of the Note and the Deed of Trust and Assignment thereof are attached hereto as Exhibits "1" and "2", respectively, to the Declaration of CHRIS POWELL filed herewith.

6. Debtor(s) have defaulted in payment obligations as provided under the Note. There are now due, owing, and unpaid under the Note arrearages for monthly installments, late charges, advances to protect security, foreclosure fees, attorney fees, and other costs, including all known encumbrances against the subject property, set forth as follows:

A. APPROXIMATE PRINCIPAL AMOUNT DUE :

1st Trust Deed: (Movant's Lien) = $943,547.06

2nd Trust Deed: Noah (fka Patch) Homes: =$300,000.00

B. APPROXIMATE DELINQUENCY ON ABOVE INDEBTEDNESS:

Pre Petition Delinquency:

LOAN MATURED 9/1/2019. No payments made as of 6/1/2019 =$ 963,614.79

Accrued Interest from 6/1/19-12/10/20 =$ $201,944.92

Accrued Late Charges
= $13,614.45

Foreclosure Fees and Costs: =$18,199.34

Page 2
Case: 20-51735    Doc# 97    Filed: 05/20/21    Entered: 05/20/21 11:57:30    Page 2 of 7

**Post Petition Delinquency**:

| | |
|---|---:|
| Accrued Interest from 12/11/20-3/18/21 | =$ 25281.89 |
| Accrued Late Charges | = $1601.7 |
| Attorney's Fees and Costs: | =$3,500.00 |
| Attorney's Fees Associated with this motion (bad faith) | =3,500.00 |
| Foreclosure Fees and Costs: | =$1,438.22 |
| TOTAL OF ACCRUED DELINQUENCY: | **=1,232,695.31** |
| FORBEARANCE/PARTIAL PAYMENTS: | (213,690.98) |
| C. TOTAL OF PRINCIPAL AND DELINQUENCY ON ABOVE INDEBTEDNESS : | **=$1,319,004.33** |
| D. COST OF SALE: 8% OF FMV ($8) | = $ **96,000.00** |
| E. EQUITY = FMV - (C + D) | = $ **(215,004.33)** |

The figures shown above are true and correct representations derived from the books and records of Secured Creditor or from the information received from other creditors. There will be additional monthly payments, late charges, fees, and costs incurred from and after the date of this motion until hearing.

7. Secured Creditor alleges that, as of the date of the petition herein, the fair market value of the Property is approximately $1,200,000.00, based upon **Debtor(s)**

**Schedules as filed herein.**

8. **BAD FAITH: SERIAL AND MULTIPLE FILINGS ON EVE OF FORECLOSURE SALE. This is the second (2nd) bankruptcy to affect the subject property in a period of less than 1 YEAR. The herein second bankruptcy was filed to forestall foreclosure sale.** The history of the ongoing and serial bankruptcy filings affecting the subject property is detailed as follows:

   a.   On December 10, 2020 (the "Petition Date"), the Debtor filed the herein a voluntary petition for relief under Chapter 11 of the Bankruptcy Code at Case No. 20-51735 (the "Bankruptcy Case"). This case was filed as a bare bones petition and the Debtor had been ordered to file his required documents by December 24, 2020.

   b.   This is the second personal bankruptcy case filed by the Debtor within a preceding one-year period. Specifically, on December 2, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code at Case No. 19-42729 (the "First Bankruptcy Case"). That First Bankruptcy Case was also a bare bones filing. The Debtor failed to timely file his required documents and on January 8, 2020, the First Bankruptcy Case was dismissed.

   c.   <u>Corporate Bankruptcies by Summitridge Venture Group, LLC, an entity controlled by Debtor and which claims an interest in the subject Property.</u> One day prior to a September 13, 2019 foreclosure sale date, Summitridge filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code as Case No. 19- 51885 (the "First Summitridge Bankruptcy Case"). On November 12, 2019, the Bankruptcy Court for the Northern District of California entered its Order Dismissing Case with 90-Day Bar (the "Summitridge Dismissal Order"), which dismissed the

Summitridge Bankruptcy Case and barred Summitridge from re-filing for bankruptcy until February 10, 2020.

d. On January 20, 2021, the 4th bankruptcy case to affect this property was filed by Summitridge Venture Group LLC, in further efforts to forestall lawful foreclosure and enforcement of Movant's rights. That case was filed as a Chapter 11 case but was converted by court order to a Chapter 7 on March 22, 2021. Said case continues to be a hindrance, as the herein bankruptcy, to Movant's efforts and administration of this matured yet unpaid loan.

9. Secured Creditor has been prevented from proceeding with foreclosure or otherwise exercising its rights under the Note and the Deed of Trust by reason of the Automatic Stay.

10. Secured Creditor alleges that it is entitled to relief from the automatic stay for the following reasons:

a) Principal balance due on the Note at the time of the filing herein was $943,547.06 and the Note was delinquent in the amount of $963,614.79 (LOAN MATURED 9/1/2019. This includes missed payments, and late fees, foreclosure fees). Since the date of the Debtor(s) Petition, additional payments, fees, late charges, and costs have become due and owing by Debtor(s) and the subject Property.

b) Debtor(s) have failed to make any regular monthly installments on the Note beginning with the June 1, 2019 installment, (LOAN MATURED 9/1/2019 and there are now due, owing, and unpaid installments as set forth above in paragraph 6 of the herein Motion.

c) In addition, Secured Creditor will have to expend sums for trustee's fees and other costs to enforce the obligation of Debtor(s).

d) By reason of Debtor(s) failure to make payments as required, Debtor(s) do not have any equity in the Property, and, Secured Creditor is informed and believes, the Property is not necessary for an effective reorganization.

e) By reason of Debtor(s) failure to make payments as required, the equity

protection of Secured Creditor in the Property has been and shall continue to be seriously eroded, and no adequate protection has been provided by Debtor(s) to prevent this substantial diminution of interest of Secured Creditor in the Property.

   f) Debtor has made no post petition payments as he ventures to organize a plan in the herein bankruptcy.

   11. By reason of Debtor(s) default, Secured Creditor has been required to engage services of counsel to recover the sums due, and under the terms of the Note and the Deed of Trust, Secured Creditor is entitled to recover reasonable attorneys' fees.

 12. By reason thereof, good cause exists, including lack of adequate protection, for this Court to grant Secured Creditor relief from stay as provided by § 362(d) of the Bankruptcy Code.

 WHEREFORE, Secured Creditor respectfully prays for judgment against Debtor(s) as follows:

 1) For an Order granting that the automatic stay be terminated as provided by §362(d) of the Bankruptcy Code to allow Secured Creditor, its agents, successors, and assigns to exercise and to continue to exercise its State Law Remedies, including any and all necessary actions to obtain possession of the property, and that such Order extend to all proceedings filed under the Bankruptcy Code by Debtor(s) subsequent to any date of any Order granted herein.

 2) That the Order be binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the property;

 3) That the Order be binding and effective in any bankruptcy case commenced by or against any successors, transferees, and or assignees of the Debtor for a period of 180 days;

 4) That the Order be binding and effective in any bankruptcy case commenced by or against any Debtor who claims any interest in the property for a period of 180 days;

 5) That the 14 day stay of enforcement pursuant to USC 4001 be waived.

 6) For reasonable attorneys' fees.

 7) For costs incurred by Secured Creditor herein.

8) For such other and further relief as the Court may deem just and proper.

Dated: May 14, 2021               Respectfully Submitted:

By:   /s/shalom rubanowitz
**SHALOM RUBANOWITZ**
ATTORNEY FOR CLE CAPITAL PARTNERS, LLC