LAW OFFICES OF SHALOM RUBANOWITZ, INC.
SHALOM RUBANOWITZ, Bar #: 176544
124 North La Brea Avenue
Los Angeles, CA 90036
Tel: 323-931-4007  Fax: 323-931-7514
Attorneys for Movant

IN THE UNITED STATES BANKRUPTCY COURT
NORTHEN DISTRICT OF CALIFORNIA-SAN JOSE

| | |
|---|---|
| Vikram Srinivasan<br>      Debtor | CHAPTER 11<br><br>CASE NO. **20-51735** |
| CLE CAPITAL PARTNERS, LLC,<br>      Movant<br>Vs.<br>Vikram Srinivasan, Debtor, United States Trustee,<br>      Respondents. | R.S. NO.: SHR-001<br><br>**DECLARATION OF CHRIS POWELL IN SUPPORT OF MOTION FOR RELIEF FROM STAY**<br><br>DATE: June 8, 2021<br>TIME: 10:30 a.m.<br>CTRM: (San Jose) |

I, CHRIS POWELL, declare as follows:

1. I am the Vice President and Asset Manager of CLE CAPITAL PARTNERS, LLC (hereinafter "Secured Creditor", or "CLE"). I have custody and control of the business records of Secured Creditor as they relate to the obligation under the Note and the Deed of Trust that are the subject of this Motion for Relief From the Automatic Stay, and I am familiar with the manner in which those records are compiled.

2. These records are prepared and maintained in the ordinary course of Secured Creditor's business by persons employed for the purpose of making such records at or near the

Page 1

Case: 20-51735    Doc# 99    Filed: 05/20/21    Entered: 05/20/21 12:04:39    Page 1 of 14

time of the transactions from information received by persons with actual knowledge of such transactions.

3. I have personally reviewed Secured Creditor's records as they relate to the within transaction and obligation of the Debtor(s) herein, and if called upon to testify in this action, I could competently testify thereto.

4. The records indicate that the Debtor(s) herein are the owners of the subject real Property known as 1651 Green Valley Road, Danville, CA 94526 (hereinafter referred to as the "Property"), which is secured by the Deed of Trust in favor of Secured Creditors, the current beneficiary, a copy of which is attached hereto as Exhibit "2" and incorporated herein by this reference.

5. The Deed of Trust secures the obligation under the Note delivered by the Debtor(s), a copy of which is attached hereto as Exhibit "1" and incorporated herein by this reference. Secured Creditor is currently the holder of the Note and the beneficiary of the Deed of Trust.

6. At the time of Debtor(s) Petition in bankruptcy, the outstanding balance of unpaid Principal and interest under the Note was $943,547.06 and the Note was delinquent in the amount of $963,614.79 (LOAN MATURED 9/1/2019. This includes missed payments, and late fees, foreclosure fees). Since the date of the Debtor(s) Petition, additional payments, fees, late charges, and costs have become due and owing by Debtor(s) and the subject Property. The outstanding post-petition balances, delinquent payments, and other charges of all known liens against the Property are set forth as follows:

A. APPROXIMATE PRINCIPAL AMOUNT DUE :

   1st Trust Deed: (Movant's Lien)                                         = $943,547.06

   2nd Trust Deed: Noah (fka Patch) Homes:                         =$300,000.00

B. APPROXIMATE DELINQUENCY ON ABOVE INDEBTEDNESS:

Pre Petition Delinquency:

| | |
|---|---|
| LOAN MATURED 9/1/2019. No payments made as of 6/1/2019 | =$ 963,614.79 |
| Accrued Interest from 6/1/19-12/10/20 | =$ $201,944.92 |
| Accrued Late Charges | = $13,614.45 |
| Foreclosure Fees and Costs: | =$18,199.34 |

**Post Petition Delinquency:**

| | |
|---|---|
| Accrued Interest from 12/11/20-3/18/21 | =$ 25281.89 |
| Accrued Late Charges | = $1601.7 |
| Attorney's Fees and Costs: | =$3,500.00 |
| Attorney's Fees Associated with this motion (bad faith) | =3,500.00 |
| Foreclosure Fees and Costs: | =$1,438.22 |
| TOTAL OF ACCRUED DELINQUENCY: | =1,232,695.31 |
| FORBEARANCE/PARTIAL PAYMENTS: | (213,690.98) |

C. TOTAL OF PRINCIPAL AND DELINQUENCY ON ABOVE INDEBTEDNESS : =$1,319,004.33

D.  COST OF SALE: 8% OF FMV ($8)                     = $ 96,000.00

E.  EQUITY = FMV - (C + D)                           = $ (215,004.33)

7. The figures shown above are true and correct representations derived from the books and records of Secured Creditor or from the information received from other creditors. There will be additional monthly payments, late charges, fees, and costs incurred from and after the date of this motion until hearing.

7. **BAD FAITH: SERIAL AND MULTIPLE FILINGS ON EVE OF FORECLOSURE SALE.** This is the second (2nd) bankruptcy to affect the subject property in a period of less than 1 YEAR. The herein second bankruptcy was filed to forestall foreclosure sale. The history of the ongoing and serial bankruptcy filings affecting the subject property is detailed as follows:

   a. On December 10, 2020 (the "Petition Date"), the Debtor filed the herein a voluntary petition for relief under Chapter 11 of the Bankruptcy Code at Case No. 20-51735 (the "Bankruptcy Case"). This case was filed as a bare bones petition and the Debtor had been ordered to file his required documents by December 24, 2020.

   b. This is the second personal bankruptcy case filed by the Debtor within a preceding one-year period. Specifically, on December 2, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code at Case No. 19-42729 (the "First Bankruptcy Case"). That First Bankruptcy Case was also a bare bones filing. The Debtor failed to timely file his required documents and on January 8, 2020, the First Bankruptcy Case was dismissed.

   c. *Corporate Bankruptcies by Summitridge Venture Group, LLC, an entity controlled by Debtor and which claims an interest in the subject Property.* One day

prior to a September 13, 2019 foreclosure sale date, Summitridge filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code as Case No. 19-51885 (the "First Summitridge Bankruptcy Case"). On November 12, 2019, the Bankruptcy Court for the Northern District of California entered its Order Dismissing Case with 90-Day Bar (the "Summitridge Dismissal Order"), which dismissed the Summitridge Bankruptcy Case and barred Summitridge from re-filing for bankruptcy until February 10, 2020.

d. On January 20, 2021, the 4th bankruptcy case to affect this property was filed by Summitridge Venture Group LLC, in further efforts to forestall lawful foreclosure and enforcement of Movant's rights. That case was filed as a Chapter 11 case but was converted by court order to a Chapter 7 on March 22, 2021. Said case continues to be a hindrance, as the herein bankruptcy, to Movant's efforts and administration of this matured yet unpaid loan.

9. The bankruptcy precludes Secured Creditor from proceeding with its foreclosure and enforcing its rights pursuant to its deed of trust, including the assignment of rents contained therein based upon Debtor(s) default, and Debtor(s) have not been making payments during the bankruptcy while enjoying its protections and benefits.

10. Continuation of the automatic stay will cause Secured Creditor further financial harm in that:

a) Secured Creditor continues to have to pay for its use of monies which were lent to Debtor(s).

b) Secured Creditor has a contractually delinquent (FULLY MATURED) non-performing loan outstanding without remedy for such period of time that Secured Creditor is unable to enforce this obligation and, as a regulated lending institution, will be required to write-off all or a portion of the loan against its loss reserves.

11. I am informed and believe, and thereon allege, that Debtor(s) have no substantive equity in the Property, after allowing for costs of sale or liquidation, when outstanding encumbrances and taxes owed against the Property are compared to a fair market value of $1,200,000.00 based upon **Debtor's Schedules.** I further believe that the Property is not necessary for an effective reorganization by Debtor(s).

12. Based upon the outstanding encumbrances owed against the Property and the fair market value of $1,200,000.00 based upon **Debtor's Schedules**, there is not a large enough equity cushion to provide Secured Creditor with adequate protection.

**13. Additionally, in light of the numerous bankruptcies affecting the property, Movant seeks an Order on its Motion for Relief from the Automatic Stay to protect from any further bankruptcies and/or transfers of the property which may subject Movant and/or other lien holders to further delays and stalling tactics engineered by Debtor(s) and/or other purported owners of the property to avoid the legitimate efforts of the herein Movant and other lien holders to enforce their lawful rights. Debtor(s) through their actions have manipulated and are continuing to manipulate the bankruptcy system in the avoidance of Movant's lawful rights, while all along maintaining a substantial and continuous delinquency on the obligations which are the subject of this motion.**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this **26**th day of April, 2021, at Santa Barbara, California.

*[signature]*
CHRIS POWELL

Recording Requested By
Orange Coast Title Company of Northern California

When Recorded Mail To
CLE Capital Partners
8 East Figueroa Street, Ste. 250
Santa Barbara CA 93101

Title Order No. 521-1976163-63

APN: 196-340-002-1

20199003000200006
CONTRA COSTA Co Recorder Office
JOSEPH CANCIAMILLA, Clerk-Recorder
DOC 2019-0030002-00
Acct 2408-Orange Coast Title San Jose
Tuesday, MAR 05, 2019 14:24:04
SB2    $0.00|MOD    $6.00|REC    $16.00
FTC    $5.00|RED    $1.00|ERD    $1.00
Ttl Pd   $29.00         Nbr-0003416326
AAV/RC/1-6

Space above this line for recorder's use

# DEED OF TRUST

Loan No. 19-003-CAP

This Deed of Trust, made this **27th** day of **February 2019**, among the Trustor, **Summitridge Venture Group, LLC, a California limited liability company** (herein "Borrower"), **Commercial Loan Express, a California corporation** (herein "Trustee"), and the Beneficiary, **CLE Capital Partners, LLC, a California Limited Liability Company** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of **Contra Costa**, State of California: **Legal Description, exhibit "A" attached hereto made a part hereof**, which has the address of **1651 Green Valley Road Danville CA 94526** (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

**THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:**
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **02/27/2019**, in the principal sum of U.S. **$944,000.00**, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust, the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the **Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend** generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably

Applied Business Software, Inc. (800) 833-3343
Deed of Trust

Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT)

19-003-CAP/1651 Green Valley Rd
Page 1 of 5

EXH 7

Case: 20-51735    Doc# 99    Filed: 05/20/21    Entered: 05/20/21 12:04:39    Page 7 of 14

estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured

by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust. Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **CLE Capital Partners, 8 E. Figueroa Street, Ste. 250 Santa Barbara CA 93101** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

Case: 20-51735    Doc# 99    Filed: 05/20/21    Entered: 05/20/21 12:04:39    Page 10 of 14

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

Summitridge Venture Group, LLC

_[signature]_  3/1/2019

Borrower: Vikram Srinivasan, Managing Member    Date

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Alameda_

On _March 1, 2019_ before me, _Tisha Morris, notary public_,
personally appeared _Vikram Srinivasan_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_[signature]_
Signature

TISHA MORRIS
COMMISSION #2241466
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
MY COMMISSION EXPIRES
MAY 7, 2022
(Seal)

## REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____  ____    _____  ____
Signature of Beneficiary (the "LENDER")    Date    Signature of Beneficiary (the "LENDER")    Date

When recorded, mail to

Att: _____

Legal Description
Exhibit "A"

Lot 1, Map of Willow Creek Farm, in the City of Danville, County of Contra Costa, State of California, filed March 16, 1951, Map Book 43, Page 18, Contra Costa County Records.

Assessor's Parcel Numbers(s): 196-340-002-1

# NOTE SECURED BY A DEED OF TRUST

Loan Number: 19-003-CAP     Date: **02/27/2019**     Santa Barbara, California

**1651 Green Valley Road Danville CA 94526**
Property Address

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$944,000.00** (this amount will be called "principal"), plus interest, to the order of **CLE Capital Partners, LLC, a California Limited Liability Company** (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

## 2. INTEREST

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on **02/28/2019**, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

## 3. PAYMENTS

My payments are ☐ Interest Only    ☒ Fully Amortized    ☐ Other

I will make my payments each month as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 5 | Monthly beginning April 1, 2019 | 9.99% | $8,008.53 |
| 1 | September 1, 2019 | 9.99% | $951,091.24 |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on **09/01/2019** (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to **CLE Capital Partners, 8 E. Figueroa Street, Ste. 250 Santa Barbara CA 93101**, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **10.000%** of my overdue payment or U.S. **$5.00**, whichever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than 10 days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

**(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

## 5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: **No prepayment penalty (you will not be charged a penalty to pay off or refinance the loan before maturity)**

## 6. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due

Exh. '2'

Case: 20-51735   Doc# 99   Filed: 05/20/21   Entered: 05/20/21 12:04:39   Page 13 of 14

(known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

### 7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE
If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

### 8. THIS NOTE IS SECURED BY A DEED OF TRUST
In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.
  Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

**Summitridge Venture Group, LLC**

| _____ | 3/1/2019 | _____ | 3/1/2019 |
|---|---|---|---|
| Borrower  Vikram Srinivasan, Managing Member | Date | Borrower  Vikram Srinivasan | Date |

---

## ASSIGNMENT OF NOTE
## SECURED BY A DEED OF TRUST

Date: _____

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:


all beneficial interest under the within Note, without recourse, and Deed of Trust securing same

_____   _____

_____   _____

**DO NOT DESTROY THIS NOTE:** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.