LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Ste. 350
San Mateo, Ca 94403-1171
Main: (650) 577-5952
Fax: (650) 577-5953
Geoff@WiggsLaw.com

Attorney for Appellant- Plaintiff Vikram
Srinivasan

WAYNE M. GREENWALD
(*Pro Hac Vice* )
WAYNE GREENWALD P.C.
475 Park Avenue South- 18th Fl
New York, NY 10016
Tel: 212-983-1922
Fax: 877-254-1003
Email: Grimlawyers@aol.com

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

**In re**

| | | |
|---|---|---|
| **VIKRAM SRINIVASAN,** | | **Case No. 20-51735 SLJ** |
| | **Debtor.** | **Chapter 11** |

| | | |
|---|---|---|
| **VIKRAM SRINIVASAN,** | | |
| | **Appellant,** | **Case No. 21-cv-01031-JST** |
| **v.** | | |
| **WEDGEWOOD, LLC,** | | |
| | **Appellee.** | |

| | |
|---|---|
| **VIKRAM SRINIVASAN, Debtor,** | **4:21-cv-02875-JST** |
| **Appellant-Plaintiff,** | **Adv No.** : **21-05002** |
| **v.** | **MEMORANDUM OF LAW SUPPORTING THE APPELLANT-PLAINTIFF'S MOTION FOR STAYS AND RESTRAINTS PENDING THIS APPEAL** |
| **FAY SERVICING LLC** *et al*, | |
| **Respondent-Defendants.** | |

# TABLE OF CONTENTS

**Page**

Table of Authorities

**PRELIMINARY STATEMENT**     1

**JURISDICTIONAL STATEMENT**     3

**THE STANDARD FOR GRANTING A STAY PENDING APPEAL**     4

**IT IS LIKELY THE DEBTOR WILL SUCCEED ON HIS APPEALS**     5

The Plausibility Standard     5

**SUCCESS ON THE DISMISSAL ORDER AND JUDGMENT**     6

Violation of the Automatic Stay - Contempt Claim     6

*The Complaint's Allegations*     6

*The Cognizable Legal Theory*     9

The Automatic Stay     9

Continuing Stay Violation     10

**The § 542 Turnover Claim**     11

*The Complaint's Allegations*     11

*The Cognizable Claim*     12

The Injunction Claim     15

**LIKELIHOOD OF SUCCESS ON THE PRELIMINARY INJUNCTION MOTION APPEAL**     16

*The Automatic Stay and Public Interest*     18

*Property Purchased Through a Stay Violation Cannot Be Bona Fide*     18

Irreparable Injury Absent Restraints     19

No Substantial Injury to Other Parties     20

The Public Interest Supports Restraints                               20


**STAYING THE DEBTOR'S CASE IS NECESSARY TO**
**AVOID IRREPARBLE  INJURY**                      21

**<u>CONCLUSION</u>**            23
CAUSE EXISTS TO GRANT A STAY PENDING THIS APPEAL
THE MOTION SHOULD BE GRANTED

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page**

*Al Otro Lado v. Wolf,* 952 F.3d 999, 1006–07 (C.A.9 (Cal.), 2020)                                 10

*Franchise Tax Board v. Roberts (In re Roberts)*, 175 B.R. 339, 343
    (B.A.P. 9th Cir.1994)                                                      15

*In re Baker,* 68 B.R. 360, 364-365 (Bkrtcy.D.Or.,1986)                                            11

*In re Fabtech Industries, Inc.*, 2010 WL 6452908, at *6 (9th Cir.BAP 2010)                        14

*In re Leeds,* 589 B.R. 186, 192–93 (Bkrtcy.D.Nev., 2018)                                          15

*In re Minoco Group of Companies, Ltd.*, 799 F.2d 517, 520 (C.A.9 (Cal.),1986)                     16

*In re Pacific Gas and Elec. Co.*, 263 B.R. 306, 317, fn. 35 (Bkrtcy. N.D. Cal., 2001)             16

*In re Prudential Lines, Inc.*, 107 B.R. 832, 835 (Bkrtcy.S.D.N.Y.,1989)                           16

*In re Reswick,* 446 B.R. 362 (9th Cir. BAP 2011)                                                  13

*In re Sillman*, 2015 WL 1291427, at *5 (E.D.Cal.,2015)                                            15

*In re Thu Thi Dao*, 616 B.R. 103 (Bankr E.D. Ca. 2020)                                            13

*J & J Sports Productions, Inc. v. Brar*, 2012 WL 4755037, at *1 (E.D.Cal.,2012)                   12

*Mace v. Ocwen Loan Servicing, LLC,* 2016 WL 9275406, at *4 (N.D.Cal., 2016)                       16

*Passport Health, Inc. v. Travel Med, Inc.,* 2012 WL 1292473, at *2 (E.D.Cal.,2012)                12

*Queenie, Ltd. v. Nygard Int'l,* 321 F.3d 282, 287 (2d Cir.2003)                                   11

*Schwartz v. U.S. (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992)                             15

*Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661
 (9th Cir. 1988)                                                                               16

*Schwartz v. U.S. (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992)                             15

*Sternberg v. Johnson,* 595 F.3d 937, 944 (9th Cir.2010)                                           15

*Zurich American Ins. Co. v. Trans Cal Associates*, 2011 WL 6329959,
at *2 (E.D.Cal.,2011)                                                                              12

**Statutes**

| | |
|---|---|
| 11 U.S.C. § 105 | 8 |
| 11 U.S.C. § 362(a)(1) and (3) | 11 |
| 11 U.S.C. § 362(d)(3) | 11 |
| 11 U.S.C. § 362(a) | 11 |
| 11 U.S.C. § 541 | 7 |
| 11 U.S.C. § 542 | 8 |
| 28 U.S.C. § 158(a)(3) | 4 |
| 28 U.S.C. §158(c)(2) | 4 |
| 28 U.S.C. § 1292(a)(1) and (b) | 4 |
| 28 U.S.C. § 1292(b). | 4 |

**Rules**

| | |
|---|---|
| Fed.R.Bankr.P. 8007 | 9 |
| Fed.R.Bankr.P. 8007(b) | 10 |
| Fed.R.Bankr.P. 8007(b)(2) | 10 |

## PRELIMINARY STATEMENT

The Appellant-Plaintiff, Vikram Srinivasan ("Mr. Srinivasan") by his attorneys, submits this memorandum of law im support of his motion seeking the entry of orders, pursuant to Fed.R.Bankr.P. 8007(b):

a.) staying the March 1, 2021, "Order Denying Preliminary Injunction" (the "Injunction Order" A copy of which is annexed to Mr. Srinivasan's accompanying declaration as Exhibit "A")

b.) staying the March 31, 2021 "Order Granting Motion to Dismiss" (the "Dismissal Order") and Judgment dismissing this adversary proceeding (the "Judgment") Copies of the Dismissal Order and Judgment are annexed to Mr. Srinivasan's accompanying declaration as Exhibits "B" collectively;

c.) enjoining the Defendants from modifying, encumbering, improving or transferring the real property located at 1648 Summitridge Drive, Beverly Hills, California 90210 also known as 1666 Summitridge Drive, Beverly Hills, CA 90210 (the "Property") while this appeal is pending;

d.) staying the Debtor's bankruptcy case while the appeal of the Order and judgment are pending; and

e.) granting such other and further relief as this Court deems proper (the "Motion").

This Motion should be granted because:

I.) There is a strong likelihood of this appeal's success on the merits because the Bankruptcy Court:

a.) erred in not seeing the adversary proceeding's complaint as asserting

- 1 -

plausible claims for:

A.)     violation of the automatic stay afforded the Debtor and his estate;

B.)     turnover of property, pursuant to 11 U.S.C. § 542(a) and (b);

C.)     effectively ignored the Defendants' violating the automatic stay of 11 U.S.C. § 362(a)(1) and (3) (the "Automatic Stay) in Mr. Srinivasan's prior bankruptcy case (the "Prior Case") as it affected him, the property of that bankruptcy estate and the Property:

D.)     erroneously limited the Automatic Stay to only Mr. Srinivasan and not to Mr. Srinivasan's bankruptcy estate, its Property and Mr. Srinivasan.

E.)     erred by determining that when the Automatic Stay in this case ended, pursuant to 11 U.S.C. § 362(c)(3) ("§ 362(c)(3)")[1], it ended for the bankruptcy estate and Property as well as Mr. Srinivasan, individually;

F.)     erred by determining that granting the injunction was not in the public interest;

---

[1]    § 362(c)(3) provides, in pertinent part"

(c)Except as provided in subsections (d), (e), (f), and (h) of this section— . . .
     (3)     if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
          A)     the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case; . . . .

- 2 -

G.)   erroneously determined that Defendants had the benefit of the

equities despite their violating the Automatic Stay to obtain the

Property.

II.)   Mr. Srinivasan faces irreparable injury through:

a.)   his wholly-owned entity and Mr. Srinivasan losing the Property to the

Defendants;

b.)   the Defendants' continued, unabated violation of the Automatic Stay; and

c.)   the potential dismissal of this case;

These matters are elucidated herein and in the accompanying declaration of Mr.

Srinivasan (the "Srinivasan Declaration").

## JURISDICTIONAL STATEMENT

The basis for this Court's jurisdiction is 28 U.S.C . §§ 1334 and 157.   This Court is the

appropriate venue for this Motion, pursuant to 28 U.S.C. §§ 1408 and 1409.

This Motion is in the context of the Debtor's appeals of this Court's Injunction Order,

Dismissal Order, Judgment and order denying the Debtor an extension of the automatic stay,

pursuant to § 362(c)(3).

## THE STANDARD FOR GRANTING A STAY PENDING APPEAL

The decision to grant or deny a stay pending an appeal applies four considerations:

(1) whether the stay applicant has made a strong showing that he is likely to

succeed on the merits; (2) whether the applicant will be irreparably injured absent

- 3 -

a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724, (1987).

All factors must be considered. However, the first two factors are the most important. *Nken v. Holder,* 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550, (2009).

In the Ninth Circuit by satisfying factors (1) and (2), applicants can prove either that there is a strong likelihood of success on the merits and a mere possibility of irreparable injury to the applicant, *or* that the balance tips sharply in their favor and that serious legal questions have been raised. *In re Neff,* 2020 Bankr. LEXIS 2079, *6 (Bankr. C.D. Cal.) (Granting a stay pending appeal as the balancing of the harm was strongly in favor of the applicant, even though there was a slim chance to prevail on the merits). The Ninth Circuit uses a sliding scale approach where "a stronger showing of one element may offset a weaker showing of another." *Lado v. Wolf,* 952 F.3d 999, 1007 (9th. Cir. 2020).

The Debtor satisfies the test for obtaining a stay pending this appeal.


### IT IS LIKELY THE DEBTOR WILL SUCCEED ON HIS APPEALS

The appeals concern the: a.) Dismissal Order and Judgment; b.) Injunction Order; and c.) order declining to extend the automatic stay, pursuant to 11 U.S.C. § 362(c)(3) (the "§ 362( c ) Order"). The Debtor expects to succeed on his appeals on all three matters.

The Decision dismissed the Complaint's claims for relief, under Fed.R.Bankr P. 7012 applying Fed.R.Civ. P. 12(b)(6), for failure to state a claim for which relief can be granted. However, applying the applicable standards, the Complaint states viable claims for relief.

- 4 -

The Order and it dismissing the Complaint's claims is based on the Court's premise that the automatic stay of 11 U.S.C. § 362(a) did not protect the Debtor's wholly owned entity and its property. This premise is erroneous.

**The Plausibility Standard**

In deciding motions to dismiss, under Fed.R.Civ. P. 12(b)(6), courts consider whether the complaint contains, "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Evans v. Crowe & Mulvey, LLP*, 2020 WL 5267915, at *2 (D.Hawaii, 2020), citing, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *UMG Recordings, Inc. v. Shelter Capital Partners LLC,* 718 F.3d 1006, 1014 (9th Cir. 2013).

To be plausible, complaints must allege "alleged adequate facts to state plausible claims based on cognizable legal theories." *Schoonover v. Iovate Health Sciences U.S.A. Inc.*, 2020 WL 5015269, at *1 (C.D.Cal., 2020), *Ellis v. San Francisco State University*, 114 F.Supp.3d 884, 886 (N.D.Cal., 2015),*Kennedy Funding, Inc. v. Chapman,* 2010 WL 2528729, at *10 (N.D.Cal.,2010), *Joseph v. Abrams*, 2019 WL 1453478, at *4 (D.Guam, 2019).

In evaluating motions to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).

The Complaint asserted plausible claims for relief.

**SUCCESS ON THE DISMISSAL ORDER AND JUDGMENT**

**Violation of the Automatic Stay - Contempt Claim**

*The Complaint's Allegations*

The Complaint's pertinent allegations are:

13.     On or about September 25, 2018, SUMMITRIDGE VENTURE GROUP, LLC (hereinafter, "SVG") purchased the SUBJECT PROPERTY from Civic Holdings V-N Trust, a Delaware statutory trust.

14.     The purchase of the SUBJECT PROPERTY was partially financed by a loan in the   principal sum $3,500,000.00 from Civic Financial Services, LLC, and secured by a Deed of Trust recorded on September 25, 2018 as Document Number 20180977267 in the Official Records of the Recorder's Office in Los Angeles County (hereinafter, the "DEED OF TRUST") . . .

35.     In that SVG is wholly owned by the DEBTOR/PLAINTIFF, the presence of two personal guarantees of the PLAINTIFF and ongoing litigation against PLAINTIFF and SVG by cross-complainant PARMAR it establishes claims against the estate of the DEBTOR/PLAINTIFF through their unity of interest. As a result, the foreclosure on the SUBJECT PROPERTY created an immediate adverse economic consequence to the estate of the DEBTOR/ PLAINTIFF, in that said SUBJECT PROPERTY is necessary for reorganization. Said adverse economic consequences are supported by threats of enforcement of the guarantee by LENDERS. . . .

18.     On or about February 12, 2019, . . .   the DEED OF TRUST [was assigned] to Defendant CIVIC HOLDINGS. . . .

- 6 -

21.     On or about August 19, 2019, Defendant CIVIC HOLDINGS caused a Notice of Trustee's Sale to be recorded against the SUBJECT PROPERTY in the amount of $3,891,080.78 and setting a foreclosure sale date of September 13, 2019 (hereafter the "NTS"). . . .

22.     On or about September 12, 2019, SVG filed for Chapter 7 Bankruptcy. . . .

28.     On or about December 2, 2019, PLAINTIFF filed for Chapter 11 bankruptcy, Case No. 19-42729 (hereinafter "PRIOR PETITION") in the United States Bankruptcy Court, Northern District of California, Oakland Division, which temporarily suspended the foreclosure sale of the SUBJECT PROPERTY . . .

29.     LENDERS were notified of the PLAINTIFF'S individual bankruptcy Petition on December 2, 2019 . . .   None of the LENDERS ever sought or obtained relief from the automatic stay regarding the SUBJECT PROPERTY.

34.     On December 4, 2019 . . .   with the PLAINTIFF'S bankruptcy stay in place, and LENDERS having notice of PLAINTIFF'S bankruptcy petition, CIVIC HOLDINGS proceeded with the foreclosure against the SUBJECT PROPERTY in the amount of $4,356,406.73 in unpaid debt. . . .

36.     The unusual circumstances in this matter in which DEBTOR/ PLAINTIFF is the sole member of SVG and the guarantor on the obligations to the LENDERS and PARMAR, . . .   As such there is a significant identity between the PLAINTIFF and the SVG in that PLAINTIFF/DEBTOR is the real party in interest . . . The foreclosure of said SUBJECT PROPERTY caused an immediate adverse economic consequence against PLAINTIFF/ DEBTOR and has suffered

- 7 -

inequitably. While the automatic stay was in place by the PLAINTIFF, CIVIC

HOLDINGS transferred the SUBJECT PROPERTY to CIVIC REAL ESTATE

via a Quitclaim Deed. . . .

37.     On or about September 21, 2020, CIVIC REAL ESTATE, and BUYERS entered

into certain Residential Purchase Agreement and Joint Escrow Instructions for the

sale of the SUBJECT PROPERTY. On or around October 22, 2020, escrow

closed and the sale of the SUBJECT PROPERTY to the BUYERS was finalized.

Said sale was completed subject to a Lis Pendens recorded against the SUBJECT

PROPERTY in or about March 2020, thereby providing constructive notice to the

BUYERS of pending state court litigation. . . .

5.      On December 10, 2020 (hereinafter referred to as "PETITION DATE"), the

PLAINTIFF filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code

(hereinafter referred to as the "CURRENT PETITION").

In summary, the Complaint states that:

a.)     the Debtor's wholly owned entity, SVG, purchased the Property;

b.)     the Property was subject to a deed of trust which was ultimately held by the

Defendant Civic;

c.)     Civic sought to foreclose on the Property;

d.)     SVG filed for bankruptcy relief;

e.)     foreclosing on the Property would cause immediate adverse economic

consequence to the Debtor and his bankruptcy estate;

f.)     the Debtor filed for chapter 11 relief (the "First Case");

- 8 -

g.) Civic foreclosed on the Property while the Debtor's First Case was pending and the automatic stay of 11 U.S.C. § 362(a) was in effect;

h.) the Debtor's First Case was dismissed (See Complaint ¶ 30);

i.) Civic sold the Property to Buyers without remedying its violation of the automatic stay of 11 U.S.C. § 362(a);

j.) the Debtor filed this case.

***The Cognizable Legal Theory***

The Complaint asserts a cognizable legal theory. The Defendants violated the automatic stay afforded the Debtor, in his Prior Case, when they foreclosed on and sold the Property. That violation was not remedied. Therefore, it continued to this case. The adversary proceeding seeks to remedy and redress for that stay violation.

The Automatic Stay

The Debtor and his bankruptcy estates wholly own SVG. SVG owns the Property and the Property is necessary for reorganization." Complaint ¶ 35.

Under these circumstances the automatic stay of 11 U.S.C. § 362(a) applies to the Debtor, SVG and the Property. SVG is property of both cases' bankruptcy estates.

Where an entity is wholly owned by a debtor, the automatic stay has been seen as protecting that entity's property. See, *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2nd Cir. 2003)("*Queenie*"). *Queenie* held that the automatic stay applies to non-debtor entities that are wholly owned by chapter 11 debtors where the "claim against the non-debtor will have an

- 9 -

immediate adverse economic consequence for the debtor's estate." *Id.*   See also, *In re Baker,* 68 B.R. 360, 364-365 (Bkrtcy.D.Or.,1986)(Bankruptcy Courts have jurisdiction over the subsidiary and its property.)

That is the case here. The Complaint states that SVG losing the Property had an immediate adverse effect on Mr. Srinivasan's bankruptcy estates and chances to reorganize.


*Continuing Stay Violation*

The Complaint shows that the Defendants' stay violation continues today.

The creditors with knowledge of a bankruptcy filing to remedy the stay violations and undo its acts that violate the automatic stay. *In re Hoover*, 2021 WL 471437, at \*12 (Bkrtcy.W.D.Wash., 2021), citing, *In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003). Failure to take reasonable steps to remedy a stay violation is a continuing stay violation), *Id*. citing, *Copeland v. Kandi (In re Copeland),* 441 B.R. 352, 360 (Bankr. W.D. Wash. 2010).

A creditor's liability under § 362 continues until full restitution is made or, if after expiration of the stay, until the court orders full restitution. *In re Hoover*, 2021 WL 471437, at \*12, citing, *In re LeGrand*, 612 B.R. 604, 612 (Bankr. E.D. Cal. 2020) (citing *Snowden v. Check Into Cash of Wash., Inc. (In re Snowden)*, 769 F.3d 651, 659 & 662 (9th Cir. 2014); *Sundquist v. Bank of America, N.A. (In re Sundquist),* 566 B.R. 563, 586 (Bankr. E.D. Cal. 2017).

The Debtor's claim against the Defendants for their prior stay violation became the Debtor's estate's property in this case. See, 11 U.S.C. § 541(a).

The Complaint states   facts supporting a cognizable claim for relief.   The Complaint's claim is plausible.   It was error to dismiss it.

- 10 -

Notably, the Complaint sought only contempt remedies against the Defendants. The Bankruptcy Code offers more. See 11 U.S.C. § 362(k).

## The § 542 Turnover Claim

### *The Complaint's Allegations*

The Complaint states, in pertinent part:

28. On or about December 2, 2019, PLAINTIFF filed for Chapter 11 bankruptcy, Case No. 19-42729 (hereinafter "PRIOR PETITION") . . . suspended the foreclosure sale of the SUBJECT PROPERTY to December 4, 2019.

29. LENDERS were notified of the PLAINTIFF'S individual bankruptcy Petition on December 2, 2019 . . . . None of the LENDERS ever sought or obtained relief from the automatic stay regarding the SUBJECT PROPERTY.

30. On December 3, 2019, POITRAS, counsel for LENDERS, proposed a new forbearance agreement to SVG via email that if payment in the sum of $515,323.87 is received by 5:00 p.m., on December 3, 2019, along with a dismissal of the pending PLAINTIFF'S Chapter 11, CIVIC HOLDINGS would agree to forbear from conducting a trustee's sale until later of December 6, 2019, or the date of entry of an order dismissing the Chapter 11 Bankruptcy, but, in no event later than December 13, 2019 . . .

31. Thereafter, . . . the LENDERS agreed to briefly forbear from conducting a trustee's sale until the later of December 6, 2019 to continue discussions, if a payment of $112,923.87 is received on or before 11:00 a.m. on December 4, 2019

- 11 -

. . .

32.    . . . [I]n the morning of December 4, 2019 before 11: 00 a.m., PLAINTIFF  . . .

wired an additional sum of his personal funds in the amount of $112,823.87 to

FAY in an effort to financially assist SVG in forbearance of the foreclosure on

said SUBJECT PROPERTY. Said PLAINTIFF PAYMENTS were paid directly to

LENDERS from PLAINTIFF, which LENDERS were aware.


*The Cognizable Claim*

The Complaint describes violation of the automatic stay in the Debtor's Prior Bankruptcy

case.   It was a post-petition payment by the Debtor using property of the estate on account of a

pre-petition claim.   The payment was solicited and obtained by the Defendants post-petition.

The payment violated § 362(a) through:

(1)    the commencement or continuation, including the issuance or employment of

process, of a judicial, administrative, or other action or proceeding against the

debtor that was or could have been commenced before the commencement of the

case under this title, or to recover a claim against the debtor that arose before the

commencement of the case under this title;

(2)    the enforcement, against the debtor or against property of the estate, of a judgment

obtained before the commencement of the case under this title;

(3)    any act to obtain possession of property of the estate or of property from the estate

or to exercise control over property of the estate;. . .

(6)    any act to collect, assess, or recover a claim against the debtor that arose before

the commencement of the case under this title . . .

Transfers made in violation of § 362(a)'s automatic stay are void. *In re Thompson*, 2020 WL 6037780, at *4 (Bkrtcy.D.Idaho, 2020), *In re Gasprom, Inc*., 500 B.R. 598, 604 (9th Cir.BAP 2013), citing,*Griffin v. Wardrobe (In re Wardrobe*), 559 F.3d 932, 934 (9th Cir. 2009)("Generally, actions taken in violation of the automatic stay are considered void *ab initio*.").

The parties are "returned to *status quo* as it existed before the stay violation occurred." *In re C.W. Min. Co.*, 749 F.3d 895, 899 (10th Cir. 2014), See, *In re Schwartz-Tallard*, 751 F.3d 966, 974 (C.A.9,2014)(Dissent)("That is precisely what the bankruptcy court did here—the court undid the foreclosure and thereby placed the parties in the positions they occupied before the" stay violation.")

Thus, the Debtor's payment to the Defendants remained property of the Debtor's estate in his Prior Bankruptcy.

The Debtor's prior bankruptcy was dismissed. Bankruptcy Code § 349(b)(3) "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." Bankruptcy Code § 349(b) "serves to undo the bankruptcy case to the extent possible—to put all parties in the positions they were in before the case was filed." *In re Weatherspoon,* 2014 WL 61405, at *3 (Bkrtcy.W.D.Wash.), citing, *In re Nash*, 765 F .2d 1410 (9th Cir.1985).

Thus, the property of the Prior Bankruptcy's estate was returned to this Debtor. The payment retained by the Defendants was Mr. Srinivasan's money.

Mr. Srinivasan filed this case on December 12, 2020. Bankruptcy Code § 541 created

- 13 -

the Debtor's estate. The estate includes ". . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). This includes "money that a debtor has a right to receive." *In re Chen*, 2009 WL 3788898, at *5 (Bkrtcy.N.D.Cal.,2009, citing. *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1101 (2nd Cir.1990).

Bankruptcy Code § 542 empowers trustees and debtors in possession to recover estate money held by another. See, *In re Treasures, Inc*., 2013 WL 4874344, at *7 (Bkrtcy. S.D.Cal., 2013)("But APJL did not merely owe Debtor a debt; it was holding Debtor's own money. For this reason § 542(a), requiring turnover of property of a debtor regardless of whether there are offset rights, is germane here." ), *In re Fisher*, 113 B.R. 714 (Bankr. N.D. Okla. 1990) (Debtor entitled to § 542 order requiring turnover of monies paid pursuant to unenforceable reaffirmation agreement in prior Chapter 7 case).

The Dismissal Order determined that the Complaint's Claim for relief seeking a turnover failed to state a claim. It concluded that the claim was really for breach of contract, instead of turnover, pursuant to 11 U.S.C. § 542.

True, the Debtor has a breach of contract claim against the Defendants. He also has a claim for their violating the automatic stay in his Prior Case. These rights to recovery do not diminish his right to turnover, pursuant to § 542.

The Complaint's § 542 claim for a turnover was entirely appropriate and supported by law. It should not have been dismissed. It was an error to dismiss that plausible claim.

**The Injunction Claim**

The Complaint's claim for an injunction was also plausible. The Complaint's allegations are stated above. The automatic stay in the Prior Bankruptcy was violated. The

- 14 -

transfer of the Property was void.   The Property's transfer remains unabated.   The estate in this case includes the Debtor's claim resulting from the stay violation.

The automatic stay includes property of the Debtor's estate.   This includes SVG and its Property.

The Court denying the Debtor an extension of the automatic stay, pursuant to § 362(c)(3) should not have extended to the property of his estate, including the Property.

The § 362( c )Order adopted the Ninth Circuit Bankruptcy Appellate Panel's non-bindng decision in *In re Reswick,* 446 B.R. 362 (9th Cir. BAP 2011) ("*Reswick"*).   *Reswick* adopts the "minority view" ending the Automatic Stay for both the debtors and their bankruptcy estates. However, this is contrary to the "majority view" and punishes creditors for their debtors' misdeeds.

The "majority view" does not.   It ends the Automatic Stay for the Debtors, alone. Their estates remain protected.

Recently, *In re Thu Thi Dao*, 616 B.R. 103 (Bankr E.D. Ca. 2020), adopted the majority view.   It found the minority view as an "absurdity" *Id.,* at 107, and antithetical to protecting creditors' interests and bankruptcy purposes. *Id.*, at 116-117.   *In re Ramsey*, 2021 WL 1499319, at *8 (Bkrtcy.D.Nev., 2021) more recently joined the majority view.   Its footnote "13" the *Ramsey* court identified the wisdom of the majority approach.

SVG is property of the Debtor's estate. Its Property warrants protection to benefit the Debtor's creditors.

Losing or being deprived of real property is "irreparable injury." *Mace v. Ocwen Loan Servicing, LLC,* 2016 WL 9275406, at *4 (N.D.Cal., 2016),citing,   *Sundance Land Corp. v.*

- 15 -

*Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988).

The Injunction Order's failure to maintain the Automatic Stay for the Debtor's estate is irreparable injury. Notably, "the automatic stay comes into play upon the filing of a bankruptcy petition whether or not the debtor would suffer irreparable harm in the absence of the stay." *In re Minoco Group of Companies, Ltd.*, 799 F.2d 517, 520 (C.A.9 (Cal.),1986).

> [W]here an act would violate the automatic stay, irreparable harm is established by the violation since Congress, by legislatively staying such acts, has determined that they cause irreparable injury to the estate.

*In re Prudential Lines, Inc.*, 107 B.R. 832, 835 (Bkrtcy.S.D.N.Y.,1989), cited by *In re Pacific Gas and Elec. Co.*, 263 B.R. 306, 317, fn. 35 (Bkrtcy. N.D. Cal., 2001)(". . . a violation of the stay contained in § 362(a)(3) and should be enjoined . . . ").

The Complaint states a plausible claim for an injunction.   It should not have been dismissed.


## LIKELIHOOD OF SUCCESS ON THE PRELIMINARY INJUNCTION MOTION APPEAL

As it did on the Dismissal Order, the Injunction Order concluded erroneously that no automatic stay affected SVG and the Property.

As discussed above, the automatic stay affected SVG and the Property.

 *Queenie* held that the automatic stay applies to non-debtor entities that are wholly owned by chapter 11 debtors where the "claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Id.*

That is the case here.   Summitridge losing the Property will have an immediate adverse

- 16 -

effect on Mr. Srinivasan's bankruptcy estate and chances to reorganize.

The Ninth Circuit has yet to adopt or reject *Queenie*.   This case's facts are on point with *Queenie*.   Courts in the Ninth Circuit discuss *Queenie* in the context of chapter 7 cases and the relationship between a debtor and its wholly owned entity's property. See, *Zurich American Ins. Co. v. Trans Cal Associates*, 2011 WL 6329959, at *2 (E.D.Cal.,2011), *J & J Sports Productions, Inc. v. Brar*, 2012 WL 4755037, at *1 (E.D.Cal.,2012), *Passport Health, Inc. v. Travel Med, Inc.,* 2012 WL 1292473, at *2 (E.D.Cal. 2012).

The Injunction Order never mentioned *Queenie*, despite it being cited in the Preliminary Injunction Motion, and being on "all fours" here.

Obviously, depriving Summitridge of its Property has an immediate adverse impact on Mr. Srinivasan, his bankruptcy estate and creditors.   The Defendants obtained the Property by violating the Automatic Stay.   Despite Mr. Srinivasan's efforts, the Bankruptcy Court and its Injunction Order provided no redress.

It is likely that Mr. Srinivasan will prevail in showing that: a.) the Automatic Stay applied to Summitridge, the Property and him; b.) the Defendants violated the Automatic Stay; c.) the Defendants' Automatic Stay violation hurt Mr. Srinivasan and his bankruptcy estates; d.) the Bankruptcy Court erred in denying the Preliminary Injunction Motion which would have maintained Automatic Stay's protection.

### *The Automatic Stay and Public Interest*

Mr. Srinivasan anticipates prevailing on the issue that granting the Preliminary Injunction was in the public interest.    The automatic stay and a preliminary injunction support the significant public interest in successful reorganizations. *In re Fabtech Industries, Inc.*, 2010 WL

- 17 -

6452908, at *6 (9th Cir.BAP 2010).

That is what Mr. Srinivasan's bankruptcy cases seek to achieve. We expect to prevail on this issue.

***Property Purchased Through a***
***<u>Stay Violation Cannot Be Bona Fide</u>***

The Injunction Order gave the Defendants the benefit of the equities after determining that Mr. Srinivasan acted inequitably. However, this conflicts with that in:

> the Ninth Circuit, if an act is taken by a creditor in violation of the automatic stay,
> any such act, including a sale of estate property, is void ab initio. See *Schwartz v.*
> *U.S. (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). Thus, a party who
> purchases an asset owned by a bankruptcy estate in violation of the automatic stay
> does not obtain valid legal title.

*In re Leeds,* 589 B.R. 186, 192–93 (Bkrtcy.D.Nev., 2018).

When the Automatic Stay is violated:

> "the automatic stay requires a creditor to maintain the *status quo ante* and to
> remediate acts taken in ignorance of the stay." *Franchise Tax Board v. Roberts (In*
> *re Roberts)*, 175 B.R. 339, 343 (B.A.P. 9th Cir.1994). The automatic stay
> consequently imposes an affirmative duty to discontinue actions in violation of the
> stay. *Sternberg v. Johnson,* 595 F.3d 937, 944 (9th Cir.2010).

*In re Sillman,* 2015 WL 1291427, at *5 (E.D.Cal.,2015).

The Defendants failed to remedy what their stay violations achieved: getting and retaining the Property. The Defendants are dis-entitled to the benefit of the equities which the Injunction

- 18 -

Order gave them.

Moreover, the Debtor filed a *lis pendens* and gave notice of his Prior Case's filing.    In *In re Beery,* 452 B.R. 825, 836 (Bkrtcy.D.N.M.,2011), similar actions denied the "innocent purchaser" defense to purchasers who violated the automatic stay.

The Debtor's *bona fides* outweighed that of the Defendants and supported granting the preliminary injunction.

**Irreparable Injury Absent Restraints**

As discussed above, losing or being deprived of real property is "irreparable injury." *Mace v. Ocwen Loan Servicing, LLC,* 2016 WL 9275406, at *4,citing,   *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n,* 840 F.2d 653, 661).

Likewise the Injunction Order's failure to maintain the Automatic Stay for the Debtor's estate is irreparable injury. Notably, "the automatic stay comes into play upon the filing of a bankruptcy petition whether or not the debtor would suffer irreparable harm in the absence of the stay." *In re Minoco Group of Companies, Ltd.*, 799 F.2d 517, 520 (C.A.9 (Cal.),1986). Therefore, "irreparable injury" may be less of an issue.

Nevertheless, acts violating the automatic stay cause irreparable harm. *In re Prudential Lines, Inc*., 107 B.R. 832, 835, cited by *In re Pacific Gas and Elec. Co.*, 263 B.R. 306, 317, fn. 35 (". . . a violation of the stay contained in § 362(a)(3) and should be enjoined . . . ").

Irreparable injury exists.

**No Substantial Injury to Other Parties**

- 19 -

Nor will a stay "substantially injure the other parties interested in the proceeding." They merely won't be allowed to benefit from their contempt and violation of the Automatic Stay.

**The Public Interest Supports Restraints**

The automatic stay serves a public purpose. *Sundquist v. Bank of America, N.A.*, 566 B.R. 563, 616 (Bankr. E.D. Ca. 2017). As discussed previously, the automatic stay and a preliminary injunction support the significant public interest in successful reorganizations. *In re Fabtech Industries, Inc.*, 2010 WL 6452908, at *6. Restraints will facilitate a reorganization where all of Mr. Srinivasan's and SVG's creditors get paid.

This is consistent with the Bankruptcy Code's purposes.

## STAYING THE DEBTOR'S CASE IS NECESSARY TO AVOID IRREPARBLE INJURY

The § 362(c)(3) Order determined that the Debtor filed this case in "bad faith." That Order was issued while denying the Debtor the opportunity to file a reply to his motion seeking to extend the automatic stay, pursuant to § 362(c)(3). The Debtor is appealing the § 362(c)(3) Order with the orders discussed above.

This case was filed in good faith. The Court declined extending the automatic stay after denying the Debtor his right to reply to the opposition to his motion to extend the automatic stay. The right was provided by the Fed.R.Bankr P. and local bankruptcy rules. It was the process that was due.

Denying the Debtor the process that was due, denied him due process. See, *U.S. v. Alisal*

- 20 -

*Water Corp.*, 431 F.3d 643, 657 (9th Cir. 2005).

The Debtor was denied his right to file a critical reply and confirm that this case was filed in good faith. Mr. Srinivasan was limited in his ability to participate in the motion and refute the opposition. His interests were prejudiced and marginalized in this process. See, *Id.*, at 657–58. Mr. Srinivasan was denied due process.

Unfortunately, it taints the Debtor's reorganization efforts in this case. A motion to dismiss or convert this case echos the Court's "bad faith" conclusion. It jeopardizes the Debtor's reorganization efforts to benefit his creditors and estate. Acts which jeopardize a reorganization can constitute "irreparable injury" warranting restraint. See, *In re Johns-Manvilleu Corp.*, 66 B.R. 517, 542 (Bkrtcy.S.D.N.Y.,1986)(restraining shareholder activity). The characterization maligns the Debtor's character and actions. Injury to one's professional reputation constitutes irreparable injury. See, *Passante v. Moore*, 2012 WL 12878305, at *2 (C.D.Cal., 2012) Passante v. Moore, 2012 WL 12878305, at *2 (C.D.Cal., 2012).

Further, the Debtor could be authorized and directed to post a bond to stay this case pending the appeal. In *In re Bullock*, 603 B.R. 411, 419-20 (Bkrtcy.S.D.Ill., 2019), a debtor was granted a stay of essentially his entire case pending an apparently futile appeal, on the condition that he post a bond sufficient to pay all of his unsecured creditors.

The need to preserve the Debtor's ability to reorganize for his creditors' benefit is exceedingly important. A stay of this case is necessary. The Debtor is willing to consider posting a reasonable bond for that stay, if necessary.

## <u>CONCLUSION</u>

## CAUSE EXISTS TO GRANT A STAY PENDING THIS APPEAL

- 21 -

**THE MOTION SHOULD BE GRANTED**

Dated: San Mateo, CA
     June 7, 2021

| | |
|---|---|
| GEOFF WIGGS | WAYNE M. GREENWALD |
| LAW OFFICES OF GEOFF WIGGS | (*Pro Hac Vice*) |
| 1900 S. Norfolk St, Ste. 350 | WAYNE GREENWALD P.C. |
| San Mateo, Ca 94403-1171 | 475 Park Avenue South- 18th Fl |
| Main: (650) 577-5952 | New York, NY 10016 |
| Fax: (650) 577-5953 | Tel: 212-983-1922 |
| Geoff@WiggsLaw.com | Fax: **877-254-1003** |
| | Email: Grimlawyers@aol.com |

By:___/s/ Geoff Wiggs_____
          Geoff Wiggs

By:__Wayne M. Greenwald ___Pres.
         Wayne M. Greenwald

Attorneys for Appellant- Plaintiff
Vikram Srinivasan