LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Ste. 350
San Mateo, Ca 94403-1171
Main: (650) 577-5952
Fax: (650) 577-5953
Geoff@WiggsLaw.com

Attorneys for the Debtor
Vikram Srinivasan

WAYNE M. GREENWALD
(*Pro Hac Vice* )
WAYNE GREENWALD P.C.
475 Park Avenue South- 18th Fl
New York, NY 10016
Tel: 212-983-1922
Fax: 877-254-1003
Email: Grimlawyers@aol.com

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 20-51735 SLJ |
| **VIKRAM SRINIVASAN,** | Chapter 11 |
| Debtor. | **DEBTOR'S MOTION FOR ORDERS RELIEVING HIM FROM AND GRANTING A REHEARING ON THE ORDERS CONVERTING THIS CASE TO A CHAPTER 7 WITH POINTS AND AUTHORITIES** |
| _____ | |

## PRELIMINARY STATEMENT

1.  The Debtor, Vikram Srinivasan (sometimes referred to as the "Debtor"), by his attorneys asks this Court to issue orders: a.) pursuant to Fed.R.Bankr.P. 9023 and 9024 and Fed.R.Civ.P. 59, and 60(b), granting the Debtor relief from and a rehearing concerning this Court's orders of June 8, 2021 (the "First Order" A copy of the First Order is annexed hereto and incorporated

1

herein as Exhibit "A"), and June 16, 2021 (the "Second Order" A copy of the Second Order is annexed hereto and incorporated herein as Exhibit "B") which granted the motion of the Office of the United States Trustee (the "Trustee's Motion") and converted this case from one under Chapter 11 of the Bankruptcy Code to one under Chapter 7 (the First Order and Second Order are collectively referred to as the "Orders"); and b.) granting such other and further relief as this Court deems proper (the "Motion").

2. The Motion should be granted because the Orders:

    a.)    conflict with a prior decision by this Court in this case;

    b.)    are based on conjecture;

    c.)    are based on an apparent misinterpretation of a statement made by the Debtor's counsel at the June 8, 2021, hearing to consider a motion for relief from the automatic stay;

    d.)    were issued without an actual hearing.

These matters are elucidated herein.

## BACKGROUND AND JURISDICTION

3. On December 10, 2020, the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor was continued as a debtor-in-possession, pursuant to 11 U.S.C. §§ 1107 and 1108,

5. On June 8, 2021 and June 16, 2021, this Court entered the Orders converting this case to one under Chapter 7 of the Bankruptcy Code.

6. Kari Bowyer was appointed interim trustee, pursuant to 11 U.S.C. § 701.

7. This Court has jurisdiction over this Motion, pursuant to 28 U.S.C. §§ 1334 and 157.

8. This Motion is a "core proceeding" as that term is defined by 28 U.S.C. § 157.

9. This Motion concerns a "public right."

10. The Debtor consents to this Court entering a final order in this matter.

11. This district is the correct venue for this Motion, pursuant to 28 U.S.C. § 1408.

## THE ORDERS' ENTRY

### The Hearing Preceding the Order's Entry

12. On June 8, 2021, this Court heard CLE Capital Partners LLC's ("CLE") motion for relief from the automatic stay (the "Hearing"), so it could foreclose on its mortgage interest in 1651 Green Valley Road, Danville, CA

94526 (the "Property")

13. At the Hearing, the Debtor's counsel represented to this Court the Debtor's belief that the Debtor had a sufficient equity in the Property to provide CLE an "equity cushion" and "adequate protection" to warrant denying CLE relief from the automatic stay.[1]

14. The Court directed that an evidentiary hearing be held on July 13, 2021.

15. That hearing was to determine whether and what amount of equity the Debtor had in the Property and if the Property is necessary for a reorganization.

16. The Court noted that this case was hanging by a thread.

**The First Order's Entry**

17. A hearing to consider the Trustee's Motion was scheduled for June 9, 2021.

18. On June 8, 2021, at approximately 11:17 a.m. the Court entered the First Order.

19. The First Order states, in pertinent part:

> Counsel for debtor appeared before the court on June 8, 2021, on a

---

[1] CLE's motion for stay relief, cited no legal authority. Based on its contents, CLE's motion was apparently based on 11 U.S.C. § 362(d)(1) alone: "cause, including the lack of adequate protection. . ." Not the Debtor lacking equity in the Property. See, 11 U.S.C. § 362(d)(2).

different matter in this case (see DKT 99) and argued there is equity in the real property that was the subject of that motion. Given that argument, my review of the statements and schedules filed in this case, and the possibility that assets can be sold to pay claims, consistent with 11 U.S.C. 704, I conclude that conversion is in the best interests of creditors.

20. The Second Order incorporated the First Order's thinking. [2]

21. This Motion is timely.

## *The Order Misconstrues the Representation About the Debtor's Equity*

22. The Order determined converting the case to Chapter 7 was in the creditors' best interests.

23. The Order apparently assumed that a Chapter 7 trustee could liquidate the estate's assets to pay creditors.

24. That assumption requires the Debtor's estate having equity in the Property.

25. There is a second mortgage on the Property.

26. There is an equity cushion benefitting CLE, the first mortgagee.

27. However, the second mortgage appears to be under-secured.

---

[2] "For the reasons stated in the Court's Order, . . . "

28. The only way the Debtor's estate could create equity in the Property is through the Debtor's reorganization.

29. A Chapter 7 trustee cannot accomplish that.

### *The Debtor's Ability to Reorganize*

30. The Debtor advises that he is finalizing a plan of reorganization.

31. More important, the Debtor advises that he arranged financing for that plan of reorganization.

32. Thus, conversion to Chapter 7 is not in the creditors' best interests.

33. Under 11 U.S.C. § 1112(b)(2), the Court could have maintained this case in Chapter 11.

34. We appreciate there was no written opposition to the Trustee's Motion.

35. However, if the scheduled hearing occurred on June 9, 2021, these points could have been raised… even at the last minute.

36. The Debtor's counsel was even in the process of filing the Debtor's delinquent monthly when he discovered the Court's ECF docket entry of the Order.

37. The Court indicated that this case was hanging by a thread.

38. There was no indication that this Court was about to cut that thread shortly

after the Hearing.

### *An Order Based on Conjecture*

39. The Order was based on the representation that the Debtor had equity in the Property.

40. Shortly before the Order's entry, the extent of the Debtor's equity in the Property was questionable enough to require an evidentiary hearing.

41. The Order was apparently based on an assumption which was to be proven on July 13, 2021.

42. On June 9, 2021, the extent of Debtor's equity in the Property was unproven.

43. Thus, the Order was based on Conjecture

## AUTHORITY FOR THE RELIEF SOUGHT

44. Fed.R.Bankr.P. 9023 provides:

> New Trials; Amendment of Judgments
>
> Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment. In some circumstances, Rule 8008 governs

7

Case: 20-51735    Doc# 112    Filed: 06/22/21    Entered: 06/22/21 20:46:47    Page 7 of 13

post-judgment motion practice after an appeal has been docketed and is pending.

45. Fed.R.Civ.P. 59 provides, in pertinent part:

New Trial; Altering or Amending a Judgment

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

46. To obtain relief under Fed.R.Bankr.P., the movant, "must demonstrate: "(1) manifest error of fact; (2) manifest error of law; or (3) newly discovered evidence." *In re Isaacs,* 2020 WL 2844505, at *1 (Bkrtcy.D.Hawai i, 2020), citing *Hansen v. Moore (In re Hansen)*, 368 B.R. 868, 878 (B.A.P. 9th Cir. 2007).

47. The movant:

"must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision," *In re Parade Place, LLC*, 508 B.R. 863, 869 (Bankr. S.D.N.Y. 2014) (citation omitted), and the motion is "granted only when the [movant] identifies 'an intervening change of controlling law, the availability of

new evidence, or the need to correct a clear error or prevent manifest injustice,'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

*Matter of AMR Corporation*, 566 B.R. 657, 666 (S.D.N.Y., 2017), See also, *Good Job Games Bilism Yazilim Ve Pazarlama A. v. SayGames LLC*, 2020 WL 3414659, at *1 (N.D.Cal., 2020), citing, *Shrader v. CSX Transp.,* 70 F.3d 255, 257 (2d Cir. 1995).

48.     [M]anifest injustice constitutes the result of a plain error. See *In re Telfair*, 745 F.Supp.2d 536, 561 (D.N.J.2010). That is, the error must have been so " 'direct, obvious, and observable,' " *Tennessee Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir.2004), that the trial court should correct its mistake and thereby " 'spar[e] the parties and the appellate courts the burden of unnecessary appellate proceedings.' "Pacific *Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998) . . .

*S.E.C. v. Pattison*, 2011 WL 2293195, at *2–3 (N.D.Cal.,2011)

Case: 20-51735   Doc# 112   Filed: 06/22/21   Entered: 06/22/21 20:46:47   Page 9 of 13

49. This Motion satisfies the standard.

**<u>Overlooking Controlling Factual Matter</u>**

50. The Court overlooked a critical factual matter.

51. CLE having an equity cushion did not mean that there were assets available for a trustee to liquidate and distribute to creditors.

52. That oversight effectively doomed creditors to receiving nothing on account of the Property and probably this case.

53. A Chapter 7 trustee cannot develop the Property.

54. The Debtor can.

55. The Court overlooked that there was no evidence or data supporting the Order's conclusion.

56. The error materially affects what is in the creditors' best interests.

57. The error materially affects the Order.

58. A rehearing is warranted.

## The Order is Based on Conjecture

59. A court's decision should not be based on conjecture. *Lioness Holdings, LLC v. Sentinel Insurance Company, Ltd.*, 2018 WL 3589099, at *2 (D.Or., 2018)("Factfinder's decision cannot be based on conjecture, guesswork or speculation.") *Molina v. Berryhill,* 2018 WL 6421287, at *4 (E.D. Cal. Dec. 6, 2018), *Molenda v. Metropolitan Life Ins. Co.*, 2008 WL 3540136, at *3 (W.D.Wash.,2008).

60. The Court did not know the extent of the Debtor's equity in the Property.

61. The Court set an evidentiary hearing so that fact could be established.

62. The Order was entered before the evidentiary hearing occurred.

63. The Court relied on the Debtor's representation that it had any equity in the Property.

64. However, even the Debtor wanted the evidentiary hearing to establish, as a fact, the Debtor's equity in the Property.

65. Absent the evidentiary hearing, the Order was apparently based on conjecture.

66. This hurt the Debtor and his creditors.

## The Orders are Based on the Court Effectively Overruling Its Directive for An Evidentiary Hearing

67. The Order effectively overruled the Court's prior decision to have an evidentiary hearing.

68. This conflict and its effect warrants reconsidering the Orders.

## There Should Have Been a Hearing

69. This Court's local rule 9014-1(b)(1)( C ), appears to require a hearing on motions to dismiss a case.

70. Despite not filing a written objection to the Trustee's Motion, the Debtor's counsel was preparing to appear at that hearing to argue against the Trustee's Motion.

71. Had the hearing been held, the Court could have learned why granting the Orders was not in the creditors' best interests.

72. These same facts and factors warrant relief under Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b).

**WHEREFORE,** the Debtor asks this Court to grant the Motion and issue orders:

a.) pursuant to Fed.R.Bankr.P. 9023 and 9024 and Fed.R.Civ.P. 59, and 60(b), granting the Debtor relief from and a rehearing concerning this Court's Orders; and

b.) granting such other and further relief as this Court deems proper

Dated: New York, NY

June 22, 2021

| | |
|---|---|
| GEOFF WIGGS<br>LAW OFFICES OF GEOFF WIGGS<br>1900 S. Norfolk St, Ste. 350<br>San Mateo, Ca 94403-1171<br>Main: (650) 577-5952<br>Fax: (650) 577-5953<br>Geoff@WiggsLaw.com<br><br>By:___/s/ Geoff Wiggs_____<br>　　　　Geoff Wiggs<br><br>Attorneys for Debtor<br>Vikram Srinivasan | WAYNE M. GREENWALD<br>(*Pro Hac Vice*)<br>WAYNE GREENWALD P.C.<br>475 Park Avenue South- 18th Fl<br>New York, NY 10016<br>Tel: 212-983-1922<br>Fax: 877-254-1003<br>Email: Grimlawyers@aol.com<br><br>By:__Wayne M. Greenwald ___Pres.<br>　　　　Wayne M. Greenwald |